hPER CURIAM.*
Respondent, George Dowd, was retained by Tang Ching Lee to handle two cases. Mr. Lee is Chinese and has difficulty with the English language. In one of the cases, respondent failed to file the pleadings he told his client he would file. The case was dismissed for lack of prosecution. Respondent failed to inform Mr. Lee about the status of the matter and deceived him by concealing the truth. When respondent did not reply to Mr. Lee’s complaint or to letters from Disciplinary Counsel, a subpoena was issued for respondent’s appearance on November 13, 1991 to testify and produce his file in the matter of Tang Ching Lee. Respondent was served with the subpoena but failed to appear. Respondent claimed he did not honor the subpoena because he did not have a file, and that he did not cooperate with the disciplinary investigation because of prior problems with the Bar Association.[1]
After a formal hearing, the hearing committee concluded, with respect to respondent’s handling of Mr. Lee’s case, that respondent had violated Rules of Professional Conduct 1.3, 1.4 and 8.4(a), (c), and (d). Regarding respondent’s failure to respond to disciplinary counsel’s subpoena and to cooperate in the disciplinary investigation, the hearing committee found respondent had violated Rules of Professional Conduct 3.4(a), (c), 8.1(b), (c) and 8.4(a), (d), (g), in addition to Louisiana Supreme Court Rule XIX, Section 9(c). The hearing committee found, as a mitigating factor, that respondent showed some remorse for his actions. The hearing committee recommended a 180-day or six-month suspension from the practice of law.
The disciplinary board concurred with the findings and conclusions of the hearing committee, and additionally found that respondent’s personal and emotional problems were ^mitigating factors. The disciplinary board recommended that respondent be suspended from the practice of law for one year and one day, and that he be assessed with all costs of these proceedings. Two members of the disciplinary board dissented, finding the hearing committee’s recommendation of a six-month suspension adequate, if coupled with safeguards, such as a practice monitor in conjunction with a probationary period, and/or a requirement of CLE on ethics.
Upon review of the hearing committee and the disciplinary board findings and recommendations, and considering the transcript, record, briefs, and oral argument, it is the decision of this court that respondent be suspended from the practice of law for a period of six months. All costs of this proceedings are assessed against respondent.
SUSPENSION ORDERED.

 Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994. Dennis, J., not on panel. Rule IV, Part 2, sec. 3.

. Respondent was issued a public reprimand by the Louisiana Supreme Court in 1984 for neglect of a legal matter by permitting a worker's compensation claim to prescribe. See Louisiana State Bar Association v. Dowd, 445 So.2d 723 (La.1984). Respondent was also issued a private reprimand on September 23, 1987, for neglect of a legal matter and failure to comply with Disciplinary Counsel’s investigation of a complaint.