*675 DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary proceeding arises from four counts of formal charges of misconduct filed by disciplinary counsel against respondent, Michael L. Lash.
The first count alleged that respondent entered a plea of nolle contendere to seven counts of issuing worthless checks in excess of $500 and thirty-three counts of theft involving approximately $140,730. On December 15, 1995, respondent was sentenced to five years hard labor, suspended, and five years active probation on each of the worthless cheek counts, and five years active probation on each of the theft counts. All sentences were concurrent and restitution was ordered as a special condition of probation.
The second count was based on allegations that Chandra Dissanayke retained respondent to represent her in a personal injury action. On October 10,1994, Ms. Dissanayke and respondent signed a release agreeing to settle the bodily injury claim and releasing the tortfeasor’s carrier for $4,000. However, despite repeated requests, respondent failed to pay Ms. Dissanayke her portion of the settlement, which amounted to $2,216.67. As a result, Ms. Dissanayke filed a complaint with the Office of Disciplinary Counsel.
The third and fourth counts were based on respondent’s representation of Olive M. Bell in a matter involving the funds of an interdict. A judgment of interdiction was rendered interdicting William Kelly and providing that the appointed curator be vested with the power to determine the location and amount of Mr. Kelly’s assets. Counsel for the curator, Laurie Rolling, was contacted by respondent, who purported to be Edward Bourdeau and the alleged attorney for Mr. Kelly’s wife, Olive Bell. Respondent claimed Mr. Kelly’s funds were in his possession. After several months of futile attempts to obtain the funds from respondent, Ms. Rolling contacted the Louisiana State Bar Association and was advised Mr. Bourdeau was a Lafayette attorney. Ms. Rolling contacted Mr. Bourdeau who stated that he was unfamiliar with the interdiction litigation and the parties involved. When Ms. Rolling confronted respondent [¿regarding his misrepresentation, respondent admitted that he had been practicing without a license and that he was a paralegal employed in Mr. Bourdeau’s Kenner office.[1] Notwithstanding the interdiction order, respondent refused to return the funds he misappropriated from Mr. Kelly and Ms. Bell. Later, respondent did present Ms. Rolling with a check in the amount of $30,463.57 drawn on Mr. Bourdeau’s client trust account; however, Mr. Bourdeau advised did not authorize the withdrawal.
On January 31, 1996, Mr. Bourdeau filed a complaint with the Office of Disciplinary Counsel advising that respondent, his paralegal, had been practicing without a license and misappropriated $30,000 using Mr. Bour-deau’s identification. He further alleged respondent possibly stole $500 from his client trust account. On February 5, 1996, Ms. Rolling filed a complaint with the Office of Disciplinary Counsel alleging that respondent misappropriated between $30,000 and $50,000 belonging to Mr. Kelly and/or Ms. Bell.
Respondent was placed on interim suspension by order of this court on April 19, 1996. Formal charges were filed against respondent on April 22, 1996 following his nolo contendere plea. On May 12, 1996, supplemental charges asserting three additional counts were filed against respondent arising out of complaints that he converted client funds while engaged in the unauthorized practice of law. When the hearing committee ordered the parties to file written argument and documentary evidence on the issue of sanctions pursuant to Rule XIX, § 11E(3), *676 respondent again filed no answer. Disciplinary counsel timely submitted documentary evidence and requested that respondent be disbarred due to his criminal conviction and that respondent be required to pay full restitution with legal interest prior to an application for readmission.
The hearing committee found all of the facts alleged in the formal charges to be true and correct. After concluding respondent violated Rules 1.2, 1.15, 4.1, 5.5 and 8.4(b) .and (c) of the Rules of Professional Conduct, the committee recommended disbarment with full restitution prior to any application for readmission. On February 1, 1997, the disciplinary board 1 ¡¡incorporated and adopted as its own the hearing committee’s findings. Although it agreed with the committee’s recommended sanction, the board further recommended that respondent be assessed the costs of the proceedings. Respondent filed no objection to the board’s recommendation filed in this court.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that the name of Michael L. Lash be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent make full restitution of any amounts owed in accordance with the disciplinary board’s recommendation. Respondent’s payment of full restitution or efforts to make restitution will be considered if respondent applies for readmission. All costs of these proceedings are assessed to respondent.

 Victory, J., not on panel. Rule IV, Part 2, § 3.

. On November 18, 1994, this court rendered an order transferring respondent to disability status and granting disciplinary counsel with the power to pursue the question of respondent's competency and disciplinary violations. The order resulted from respondent’s sworn testimony that he was unable to assist in his defense and function as a lawyer due to mental incapacity after disciplinary counsel instituted an investigation into respondent's legal practice when several complaints, unrelated to those raised in the instant proceeding, had been filed.