ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM. *
This disciplinary matter arises from three sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William Kyle Phipps, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.3, 1.4, 1.5(f)(6), 1.15(a), (b),(e), 1.16(d), 8.1(b),(c), 3.4(c), 8.1(b),(c) 8.4(a),(e),(g) of the Rules of Professional Conduct, and Rule XIX, § 9(a) and § 28 A(l) of the Rules of the Supreme Court of Louisiana.
UNDERLYING FACTS

98-B-076Í

This matter arises from a complaint filed by Ms. Tina Barrington. Sometime in 1995, Ms. Barrington, retained respondent to represent her, her husband and her minor daughter in a personal injury action. The case was eventually settled, and part of the settlement included monies for payment of outstanding medical bills. Respondent deposited this check in his trust account. After numerous phone calls to respondent, he made payment to the Therapy Center, one of the Barrington’s health care providers, in the amount of $1,625.26. However, the bank returned the check “NSF.” Thereafter, Ms. Barrington made numerous unsuccessful attempts to have the money paid according to the agreement, but had a great deal of difficulty in getting any response from respondent.
During the disciplinary investigation, respondent admitted complainant’s allegations were true. He stated he withdrew funds withheld for medical payments and converted the funds to his own use. He admitted to issuing “NSF” checks, and also admitted he had done this with other clients.
. Ja98-B-0763
This matter arises from respondent’s conviction of a criminal offense. On March 11, 1996, in the 19th JDC for the Parish of East Baton Rouge, Docket No. 01-97-675, Section 4, respondent entered a plea of guilty to the charge of attempted felony theft, a felony offense.[1] The court accepted the plea and sentenced respondent to prison for a period of ten months with credit for time served and one year supervised probation with special conditions.

98-B-0762

This matter involves six counts of misconduct involving several different clients.
The first count arises from respondent’s representation of J.L. Nesmith and/or Ms. *1136 Leni Pierce. Apparently, respondent was retained by these clients for the sum of $1,500, in order to file two foreclosure actions on behalf of H & S Packing Co. Respondent performed no work, failed to communicate with his clients, abandoned his law practice and did not return the advanced funds.
The second count arises from respondent’s representation of Ms. Toni Chandler. On or about October 30, 1995, respondent was paid a retainer of $450.00 by Ms. Chandler in order to file a divorce action on her behalf. Respondent falsely assured his client the pleadings had been filed in November of 1995 and the matter was set for a hearing on March 18, 1996. Respondent later assured his client’s new attorney he would complete the matter by April 2, 1996, but he failed to do so. On April 4, 1996, respondent met with Ms. Chandler and her new attorney and admitted he had not been truthful with them concerning his work and assured them he would refund the $450.00 later that same day. Respondent failed to- refund the funds, refused Ms. Chandler’s phone calls and did not repay the money until April 15, 1996.
The third count arises from respondent’s representation | aof Mr. Robert M. Penny and Quad State Finance Company. Sometime in 1995, these clients retained respondent to represent them in several matters, and paid him $288.00 in advance fees and court costs. Despite Mr. Penny’s repeated requests for copies of documents concerning corporate transactions, respondent ignored the requests and falsely reported to Mr. Penny he filed a lawsuit on behalf of Quad State Investment. Respondent neglected legal matters, did not act with diligence and promptness and failed to return or account for the advanced funds.
The fourth count arises from respondent’s representation of Mr. and Mrs. Robert C. Ludwig. In March of 1995, these clients paid respondent a retainer fee of $500, as well as $150 in court costs, to file a civil action on their behalf. Respondent advised his clients the suit had been filed in mid-1995, both defendants had been served, the court date was set for January 8, 1996 and the defendants were not interested in settling the matter. In fact, the lawsuit had not been filed until October 1995 and the matter had not been set for trial.
The fifth count arises from respondent’s actions as the closing attorney in an act of sale on immovable property. In connection with the transaction, respondent issued a check in the amount of $1,025.00 to Herbert Hypolite Bourgeois, but the check was returned “NSF.” Respondent failed to honor the check and a warrant for his arrest was issued on June 17, 1996. Additionally, an attachment was issued on September 12, 1996 for respondent’s failure to appear at a pre-trial conference on September 3, 1996.
The final count involves respondent’s failure to cooperate in the ODC’s investigation of these matters. On November 18, 1996, the ODC served respondent with an investigatory subpoena relative to the above matters. Respondent failed to appear. He was also ineligible to practice law since October of 1996 due to failure to pay bar association dues and ineligible to practice law since August 16, 1996 for failure to comply with the mandatory continuing legal education requirements.
^DISCIPLINARY PROCEEDINGS

98-B-0764 
[2]

The ODC instituted formal charges alleging violations of the Rules of Professional Conduct and the Rules of the Supreme Court of Louisiana. Respondent failed to answer, and as a result, no formal hearing was held. Based on documentary evidence submitted by the ODC, the hearing committee recommended to the disciplinary board that respondent be suspended from the practice of law for a period of one year, subject to certain specified conditions.
The disciplinary board agreed with the hearing committee’s conclusion that respondent’s actions were knowing and intentional. It noted respondent had only repaid part of *1137 the funds owed to Mrs. Barrington.[3] Further, it found respondent expressed no remorse and admitted to similar misconduct with other clients’ funds. The board noted the presence of several aggravating and mitigating factors.[4] Based on these factors, the disciplinary board recommended to this court that respondent be suspended for a year and a day, subject to several conditions for reinstatement.[5]

98-B-0763 and 98-B-0762

While the charges in 98-B-0764 were pending before the board, the ODC instituted separate formal charges against respondent in 98-B-0762 and 98-B-0763. Respondent again failed to answer the charges. Subsequently, the two matters were consolidated.
|5On October 30, 1997, respondent and the ODC filed a Joint Petition for Consent Discipline before the board. Respondent tendered a conditional admission to all pending allegations of misconduct in 98-B-0762, 98-B-0763 and 98-B-0764, as well as to another disciplinary complaint being investigated by the ODC.[6] After acknowledging the existence of several aggravating and mitigating factors,[7] respondent agreed to a sanction of disbarment.[8]
On March 23, 1998, the disciplinary board filed its recommendation with this court on all the consolidated matters, proposing adoption of the consent discipline of disbarment. It further recommended respondent be ordered to pay restitution to his clients, as well as be assessed with all proceeding costs.
CONCLUSION
Upon review of the findings and recommendation of the disciplinary board and the record filed herein, it is the decision of this court that the disciplinary board’s recommendation be adopted.
Accordingly, it is ordered that the name of William Kyle Phipps be stricken from the rolls of attorneys, and his license to practice law in the State of Louisiana be revoked effective ^November 5, 1997. It is further ordered respondent make restitution to his clients. All costs of these proceedings are assessed against respondent in the amount of $534.48.

 Calogero, C.J. not on panel. Rule IV, Part 2, § 3.

. The record does not reveal the underlying facts in this matter.

. For chronological purposes, it should be noted the charges in 98-B-0764 were actually filed prior to those in 98-B-0762 and 98-B-0763. Accordingly, we will address these charges first.

. According to the record, it appears the remaining balance owed to Mrs. Barrington is $68.

. As to aggravating factors, the board recognized: 1) dishonest or selfish motive; 2) vulnerability of the victims; 3) failure to cooperate; and 4) a pattern of misconduct. As to mitigating factors, the board recognized: 1) inexperience in the practice of law; 2) cooperation with ODC during the deposition (which arguably canceled the aggravating factor of failure to cooperate); and 3) no prior discipline.

. This recommendation was eventually filed with this court under docket no. 97-B-2219. However, because of respondent’s later petition for consent disbarment and our order consolidating all pending disciplinary proceedings against him, this recommendation became moot.

. The petition for consent discipline included a complaint filed against the respondent by Marty and Becky Campbell (ODC file no. 6108), which is still under investigation.

. Respondent noted the presence of the following aggravating factors: (1) dishonest or selfish motive; (2) pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the disciplinary agency; (5) indifference to making restitution; and (6) illegal conduct. As to mitigating factors, respondent recognized (1) absence of a prior disciplinary record and (2) inexperience in the practice of law.

.On that same date, respondent and the ODC filed a Joint Petition for Immediate Interim Suspension in this court under docket no. 97-B-2771. The petition sought an immediate suspension. Additionally, since the board had by that time filed its recommendation with the court for the conduct at issue in 98-B-0764, the petition asked that this court stay any action pending resolution of the petition for consent discipline by the board.
On November 5, 1997, this court granted the interim suspension and ordered the-pending dis-ciplinaiy proceeding in this court be remanded to the disciplinary board for consolidation with any other pending matters against the respondent and for consideration with the Joint Petition for Consent Discipline.