ATTORNEY DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
This attorney disciplinary proceeding arises from seven counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Keith A. Lewis, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rules 1.1 (lack of competence), 1.3 (lack of due diligence), 1.15 (failure to refund client fees), 1.16(d) (failure to properly terminate representation to protect client interests), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishon *847 esty, fraud or misrepresentation) and 8.4(g) (failure to cooperate -with the ODC) of the Rules of Professional Conduct.
UNDERLYING FACTS

Counts I and II

In October of 1993, Paula Riles Guillory retained the respondent to represent her in a personal injury matter. In May of 1994, respondent advised Ms. Guillory that he negotiated a settlement on her behalf, but subsequently refused to communicate with her despite her repeated attempts. That same month, he received a draft from Allstate Insurance Company for $3,800, made payable to respondent and Ms. Guillory. He caused her name to be forged on the back of the check. Approximately fourteen mpnths later, respondent provided Ms. Guillory a check for $1,950 from his personal checking account, representing her share of the settlement. He failed to provide' an accounting or settlement documents.
Ms. Guillory filed a complaint, and respondent failed to respond to the ODC’s requests for information. The ODC issued a subpoena compelling his appearance for a scheduled deposition and requesting production of documents. While respondent appeared for his deposition, 12he failed to produce the requested documents.

Counts III and TV

On February 23, 1994, Midland Risk Insurance Company issued a check in the amount of $5,612 made payable to respondent and his client, Brent Guillotte. Respondent forged his client’s name to the check and deposited it into respondent’s personal account with Iberia Savings Bank. On September 6, 1995, the bank from which the check was drawn sent the cheek back without payment to Iberia Savings Bank, stating Mr. Guillotte’s name had been forged. It provided an affidavit from Mr. Guillotte attesting to such. Respondent failed to furnish Mr. Guil-lotte his portion of the settlement funds, nor did respondent have sufficient funds in his personal banking account to satisfy the amount of the settlement.
Attorneys for Iberia Savings Bank and Midland Risk Insurance Company filed complaints with the ODC advising of the forgery.[1] Respondent failed to comply with the ODC’s request for information. As a result, the ODC was forced to issue a subpoena compelling his cooperation.

Count V

In 1992, Flossie Huderson Guilyot retained respondent to represent her in a personal injury matter. On March 3, 1992, respondent received a settlement cheek in the amount of $4,000 from National Car Rental, made payable to respondent and his client. Respondent cashed the check and failed to disburse any funds, either to Ms. Guilyot during her lifetime, or to her children after her death.[2]
Charleslynn Guilyot, the client’s daughter, filed a complaint with the ODC.

13Counts VI and VII

Carol B. Mallory retained respondent to represent her in connection with a personal injury case. In January of 1994, respondent received a check in the amount of $5,000, made payable to respondent and Ms. Mallory. After withholding funds to be paid to a third party medical provider, respondent issued a check to Ms. Mallory for her share of the settlement funds. The check was returned twice for insufficient funds. Respondent further failed to pay the medical provid *848 ers, who provided services to his client and were guaranteed payment at the time of settlement.
Ms. Mallory filed a complaint with the ODC. While the respondent provided an initial answer, he failed to respond to the ODC’s request for supplemental information. The ODC issued a subpoena compelling his appearance for a scheduled deposition and production of documents. Respondent appeared for his deposition, but he failed to produce the requested documents.
DISCIPLINARY PROCEEDINGS
After the complaints were filed, the ODC conducted an investigation. Subsequently, the ODC instituted formal charges against respondent. Respondent file an answer in which he denied the allegations of misconduct. A hearing was conducted before the hearing committee, at which time the ODC presented the testimony of the complainants. Respondent, who represented himself in proper person, did not present any witnesses or evidence.

Hearing Committee Recommendation

The hearing committee found the ODC proved by clear and convincing evidence that respondent failed to communicate with clients, failed to remit settlement funds owed to his clients and third-party medical providers, failed to account for those funds, commingled and converted client funds, failed to pay third-party medical providers, forged his clients’ names on settlement checks and failed to cooperate with the ODC. The hearing committee found respondent’s actions were intentional and evidenced a total disregard for the welfare of his clients.
Relying on the ABA Standards for Imposing Lawyer Sanctions,[3] as well as | jurisprudence from this court,[4] the hearing committee determined the baseline sanction for respondent’s conduct was disbarment. As the sole mitigating factor, it found respondent had a lack of a prior disciplinary record. By contrast, it recognized several aggravating factors: a pattern of misconduct, dishonest or selfish motive, multiple offenses, intentional bad faith obstruction of a disciplinary proceeding, vulnerability of the victims, substantial experience in the practice of law (admitted in 1984) and indifference to making restitution. Based on these factors, the committee ' recommended respondent be disbarred.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings and recommendation of the hearing committee. It also agreed that there was no justification to deviate downward from the baseline sanction of disbarment. In support, it stated:
Respondent repeatedly failed to cooperate with these proceedings which required additional expenditures of time and resources. Moreover, Respondent has never indicated any remorse for his selfishly motivated conduct and has made no efforts toward restitution. Most importantly, the Committee found that Respondent’s ac *849 tions were intentional and that “he repeatedly acted with a total disregard for the welfare of his clients.” Respondent poses a substantial threat to the public and has already inflicted actual harm to vulnerable victims through his misconduct.
The board recommended disbarment, as well as payment of restitution.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
^DISCUSSION
The record supports the finding that respondent violated the professional rules as charged. Respondent’s actions, most notably his forgery of his clients’ names on settlement checks and his commingling and conversion of client funds, convincingly demonstrates that respondent is not fit to practice law. Accordingly, the only appropriate sanction in this case is disbarment.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Keith A. Lewis be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make full restitution to his victims. All costs and expenses in this matter are assessed against respondent in accordance Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of this judgment until paid.

 Lemmon, J. not on panel. Rule IV, Part II, § 3.

. Mr. Guillotte discharged respondent from any further representation in his personal injury matter. Iberia Savings Bank was forced through endorser liability to refund the money that had been generated through the forged negotiation of the check to Midland Risk Insurance Company. Thereafter, Midland Risk issued a new check to Mr. Guillotte for the full amount of the settlement. Iberia Savings Bank later filed suit against respondent to recover the funds it had paid pursuant to the forged endorsement. As a result, one and one-half years after Midland Risk had issued a new check to Mr. Guillotte, respondent filed a pleading to set aside the Midland Risk settlement and dismissal so that he could recover his contingency fee. Although the motion was dismissed as having prescribed, the record indicates respondent intended to file another lawsuit against Midland Risk with the intent to recover his fee.

. The record indicates Ms. Guilyot passed away one year after respondent received the settlement funds.

. ABA Standard 4.11 provides that ‘‘[djisbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." Standard 4.61 provides that "[djisbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client." Standard 5.11 provides that "[djisbarment is generally appropriate when (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentations, fraud, extortion, or theft ...; or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice.”

. The board cited In re: Gros, 95-0890 (La.9/15/95), 660 So.2d 434 (attorney disbarred for six counts, four of which related to the commingling and conversion of client funds); In re: Parker, 96-2697 (La.1/24/97), 687 So.2d 96 (attorney disbarred for conversion, failure to account, failure to refund unearned fee and lack of cooperation with the ODC); In re: Lash, 97-0327 (La.4/4/97), 691 So.2d 674 (attorney disbarred for four counts stemming from his criminal conviction for issuing worthless checks and theft); In re: Welcker, 97-0825 (La.6/3/97), 694 So.2d 918 (attorney disbarred for two counts of converting client funds when he settled a matter after a client's death, forged the client's signature to the settlement check and retained the funds, and for settling a case for another client, forging her husband's signature to the settlement check and retaining the funds).