ATTORNEY DISCIPLINARY PROCEEDINGS
1PER CURIAM.*
This disciplinary proceeding arises from three counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Noland James Hammond, an attorney licensed to practice law in Louisiana.[1]
UNDERLYING PACTS
On February 19, 1995, James E. Stevenson was allegedly injured in a slip and fall accident which occurred on the steps of the Mansura Branch Post Office in the Town of Mansura, Louisiana. Mr. Stevenson retained counsel; however, at some point, his counsel advised him they could no longer continue to represent him.[2] They referred Mr. Stevenson to respondent, who had been admitted to the bar for approximately six months at that time.
On or about November 22, 1996, Mr. Stevenson retained respondent to represent him. On February 6, 1997, respondent filed suit on Mr. Stevenson’s behalf pin federal court, naming the United States Postal Service (“USPS”) as the sole defendant. On August 7, 1997, the USPS filed a motion to dismiss, or, in the alternative, for summary judgment again alleging the steps upon which the accident took place were not the property of the USPS. On October 16, 1997, the court dismissed the complaint against the USPS without prejudice. Ultimately, respondent filed a supplemental and amending complaint against the Town of Mansura; however, the action was later dismissed without prejudice for failure to prosecute.[3]
Prior to the dismissal of the federal case, Mr. Stevenson filed a disciplinary complaint with the ODC primarily alleging respondent refused to communicate with him, despite repeated requests. In the interim, Mr. Stevenson retained new counsel, J. Quentin Simon, to pursue a legal malpractice suit against respondent. Mr. Simon was apparently unsuccessful in obtaining Mr. Stevenson’s file from respondent, and, as a result, filed a disciplinary complaint against respondent.
*1261 The ODC conducted an investigation into both Mr. Stevenson’s complaint and Mr. Simon’s complaint. Respondent failed to cooperate in the investigation of the Stevenson complaint in a timely manner, requiring the ODC to issue a subpoena compelling his attendance for a deposition. Respondent also filed to respond to Mr. Simon’s complaint.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent. In connection with Mr. Stevenson’s complaint, the ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1 (incompetence); |a1.3 (neglect); 1.4 (failure to communicate); 1.5 (assessing an unreasonable fee); 1.15 (failure to account for legal fee); 3.2 (failure to expedite litigation); and 8.4(g) (failure to cooperate with the ODC), as well as Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand from a disciplinary authority). With regard to Mr. Simon’s complaint, the ODC alleged respondent failed to cooperate in its investigation of this matter, which constituted a separate violation of Rule 8.4(g) and Supreme Court Rule XIX, § 9(c).[4] Respondent filed a general denial to the formal charges.

Formal Hearing

At the formal hearing, respondent stipulated to his neglect of the Stevenson matter and his failure to communicate with his client, as well as his failure to cooperate with the ODC in its investigation of this complaint. However, he disputed the ODC’s allegations that he failed to cooperate in the investigation of the Simon complaint, testifying the notice of the complaint was forwarded to an improper address and, thus, he was unaware he had to file a response.
As mitigating evidence in the Stevenson matter, respondent testified he did not neglect his client’s legal matter, but rather he was inexperienced and incompetent in handling it. He stated Mr. Simon filed a malpractice suit against him in October of 1999 on behalf of Mr. Stevenson. According to respondent, he entered into a settlement with Mr. Stevenson whereby he repaid the entire retainer fee.

Hearing Committee Recommendation

RBased on respondent’s admissions to the Stevenson complaint, the hearing committee agreed he violated the professional rules as charged. However, with regard to the Simon complaint, the committee found insufficient evidence to support a finding that respondent failed to cooperate with the ODC.
As a sanction, the committee recommended respondent be given a public reprimand. It further recommended he be placed on supervised probation for a period of two years, with conditions.

Disciplinary Board Recommendation

The board concluded respondent knowingly and intentionally violated his duty to his client and as a professional resulting in actual injury to his client. In support, it noted that even after Mr. Stevenson filed his complaint, respondent failed to advise him of the status of his suit. The board found that because of respondent’s conduct, Mr. Stevenson was required to file a disciplinary complaint and to obtain a new lawyer to resolve the matter.
As aggravating factors, the board recognized multiple offenses and bad faith obstruction of the disciplinary process. It found three mitigating factors: absence of *1262 prior discipline, absence of a selfish motive with regard to the Stevenson representation and inexperience in the practice of law.
Considering the circumstances, the board recommended respondent be suspended from the practice of law for a period of four months. However, it further recommended that this suspension be fully deferred, and that respondent be placed on supervised probation for a period of two years with conditions.[5]
^Respondent filed an objection to the disciplinary board’s recommendation. As a result, the matter was scheduled for briefing and oral argument in accordance with Supreme Court Rule XIX, § 11(G).
DISCUSSION
The record supports the finding of the hearing committee. Therefore, the sole issue presented for our consideration is whether the sanction recommended by the disciplinary board is appropriate under the facts.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As the disciplinary board found, respondent’s conduct caused actual harm to Mr. Stevenson, who was required to file a disciplinary complaint against respondent, as well as retain new counsel to pursue a legal malpractice claim against respondent. ^However, we find there are significant mitigating factors in the instant case, including respondent’s inexperience in the practice of law, his lack of a prior disciplinary record and his lack of a selfish motive. Under these circumstances, we believe a deferred suspension, combined with a substantial period of supervised probation, will provide respondent an opportunity to learn from his mistakes and avoid future misconduct.
Accordingly, we adopt the recommendation of the disciplinary board and impose a fully deferred four-month suspension, subject to a two-year period of supervised probation with the conditions proposed by the disciplinary board.
DECREE
Upon review of the findings and recommendation of the hearing committee and *1263 disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Noland James Hammond be suspended from the practice of law in Louisiana for a period of four months. This suspension shall be deferred in full and respondent shall be placed on supervised probation for a period of two years, subject to the conditions recommended by the disciplinary board. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision. Retired Justice Walter F. Marcus, Jr., assigned as Justice ad hoc, sitting for Associate Justice Jeannette Theriot Knoll, recused. Judge Felicia Williams, of the Second Circuit Court of Appeal, assigned as Justice Pro Tem-pore, sitting for Associate Justice Bernette J. Johnson.

.There are two counts of misconduct at issue because the ODC dismissed one of the three original formal charges at the formal hearing.

. The law firm handling the case had already incurred $2,000 in medical expenses paid on behalf of Mr. Stevenson, and sought to mitigate any further losses due to the lack of attorneys in the firm able to pursue the case.

. As the hearing committee later found, prescription had already run against the Town of Mansura at the time respondent was retained.

. In connection with Mr. Simon's complaint, the ODC also alleged a violation of Rule 1.16(d) (failure to return client property at termination of representation). However, it later dismissed this charge.

. The board recommended the following conditions of probation:
1. Respondent’s trust and business accounts shall be audited by a certified public accountant at respondent’s expense every six months to check for, and insure proper handling of, client transactions involving fiduciaiy funds. The audit reports are to be provided to the probation monitor;
2. A probation monitor shall be appointed to review the audit reports and to meet with respondent regularly to review his files and client expenses ledgers, and to insure that his practice remains free of conflicts of interest. The probation monitor shall report, in writing, every six months during the probationary period; and
3.Respondent shall sign a contract to participate in the Lawyer’s Assistance and Practice Program coordinated by the Louisiana State Bar Association ("LSBA”). The terms of the contract shall be coordinated by the practice assistance counsel for the LSBA and approved by Deputy Disciplinary Counsel. The terms of the contract shall include ethics school attendance and the assignment of a practice monitor for a minimum of two years. All terms of the contract shall be met by respondent during the probationary period.