| .PER CURIAM.*
This disciplinary matter stems from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John D. Collinsworth, an attorney licensed to practice law in Louisiana but who is currently ineligible to practice.
UNDERLYING FACTS
Respondent, while employed at the law firm of Shuey & Smith, L.L.C., received a check in the amount of $4,418.12 from his clients, Cecil and Pamela Mims, for payment of state inheritance taxes in the matter involving the Succession of Mildred Mims Anthony. Rather than remitting the funds to the State of Louisiana, respondent deposited the check into his personal bank account and converted the funds to his own use. Furthermore, respondent had received two checks from the Mims representing attorneys fees in the amount of $2,650. Rather than depositing the funds in the law firm’s account, respondent deposited these checks into his personal account and converted the funds to his own use.
In the course of his handling of the same succession matter, respondent had advised Andretta Williams that she would receive $6,201.43 from the succession. However, at the time, there was only a balance of $2,698.93 remaining in the | ^succession escrow account. Moreover, although respondent quoted her a fee of $1,000, he subsequently withheld $3,460.07 in attorney fees. After Ms. Williams complained about the fees, respondent issued a check on the law firm’s operating account in the amount of $3,460.07 as a refund for the excess fees.
In an unrelated matter, respondent represented Delbert Clinton in a personal injury case. During the representation, respondent issued three checks to himself totaling $10,500 from the law firm account. Four months later, respondent prepared what purported to be a settlement statement in the case, misrepresenting the payments were cash advances to his client. Moreover, respondent had left $7,500 in unpaid medical bills with only a $5,902 balance in Mr. Clinton’s escrow account.
In several other matters, involving John Mansour, Eugene James, Lajuan Wagoner and Judd Tooke, respondent wrote several checks on the law firm accounts, purportedly for litigation costs. In fact, respondent actually converted the funds to his own use.
*314 After discovering respondent’s actions, the law firm terminated respondent’s employment and filed a complaint with the ODC.[1] The ODC forwarded a copy of the complaint to respondent by certified mail, but it was returned “unclaimed.” The ODC’s investigator located respondent, and respondent gave the investigator his new address and telephone numbers. Although respondent was served with a copy of the complaint at this new address, he failed to submit a response as requested. Seven months later, when the ODC attempted to serve a subpoena duces tecum on respondent at the same address, the process server was advised by respondent’s mother that her son did not reside with her at the address and that he had relocated to ^Marshall, Texas. Two weeks later, the ODC investigator again located respondent in Shreveport. Respondent advised he would cooperate with the ODC, but subsequently failed to do so.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent, asserting violations of the following provisions of the Rules of Professional Conduct: Rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.7(b) (engaging in a conflict of interest), 1.15(a) (failure to keep client and third party funds separate from the lawyer’s own property), 1.15(b) (failure to promptly deliver funds or property owed to a client or third party and failure to render a full accounting upon request), 1.15(c) (failure to place property subject to a dispute with another party in trust), 1.16(d) (failure to protect client interests upon termination of the representation), 3.2 (failure to expedite,litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), 8.4(d) (conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to file an answer to the charges. Accordingly, no formal hearing was conducted and the case was submitted to the hearing committee on documentary evidence and written argument.
|4In support of its case, the ODC presented copies of the financial records and client files provided by the law firm, as well as correspondence and related documents evidencing respondent’s failure to comply with the ODC’s requests for information. Respondent failed to submit any evidence or argument for consideration.

Recommendation of the Hearing Committee

After considering the evidence submitted by the ODC, the committee found the charges against respondent were proved by clear and convincing evidence. The committee observed that the conversion and theft of funds charges against respondent were among the most serious of professional violations an attorney can commit. The committee found respondent violated fiduciary duties owed to his clients and colleagues, and that he engaged in a deliberate attempt to falsify *315 information and misappropriate his client’s and colleague’s funds.
In determining an appropriate sanction, the committee found respondent failed to make an accounting or provide restitution, and failed to cooperate with the ODC. As an additional aggravating factor, it recognized respondent’s previous disciplinary record, consisting of an admonition.[2] The committee failed to find any mitigating factors. Considering the nature of respondent’s misconduct, the committee recommended respondent be disbarred from the practice of law.

Recommendation of the Disciplinary Board

| sThe disciplinary board concurred with the committee’s factual findings that respondent violated the professional rules as charged.[3] The board determined respondent violated the duty owed to his clients to use reasonable diligence in pursuing their cases and expediting litigation, to guard his clients’ property, make prompt distribution of client funds and to give prompt notice of termination of representation to clients. It maintained respondent breached his duties owed to the profession and the legal system by engaging in theft, fraud and falsification of records; and by failing to cooperate in the disciplinary process. The board asserted respondent acted knowingly and intentionally and caused great potential harm to his clients and their third party medical providers. Although respondent’s former employer paid some of the injured clients, the board found the record did not establish that all of the clients and third party medical providers were made whole. It concluded the legal profession has been damaged by respondent’s breach of his clients’ trust through his misappropriation of their funds.
In addressing the issue of sanctions, the board relied on jurisprudence from this court in which attorneys were disbarred for similar conduct.[4] It recognized as aggravating factors the presence of prior disciplinary offenses, dishonest or selfish motive, multiple offenses, vulnerability of the victims, substantial experience in the practice of law (admitted in 1977) and illegal conduct. Like the committee, it found no mitigating factors. Accordingly, the board recommended that respondent be disbarred from the practice of law.
^Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record supports the finding that respondent knowingly and intentionally failed to communicate with his clients, neglected and failed to expedite his clients’ legal matters and litigation, failed to account for or refund a substantial amount of misappropriated funds and failed to cooperate with the ODC. Therefore, the sole *316 issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s conduct caused actual harm to his clients, to third parties and his former employer by depriving them of their funds for a substantial period of time. His actions demonstrate he has little, if any, concern for the welfare of clients and his colleagues. Likewise, his failure to cooperate in the disciplinary investigation against him displays an indifference to his professional obligation which has impaired the efficient operation of the disciplinary process. Numerous aggravating factors are present, including a prior discipline, a pattern of misconduct and failure to make (or even attempt to make) restitution to his victims.
|7Under these circumstances, we must conclude respondent lacks the fitness to practice law in the State of Louisiana. This court has disbarred attorneys for similar conduct. See In re Callahan, 00-3357 (La.3/23/01), 782 So.2d 624; In re Phipps, 98-0762 (La.6/19/98), 713 So.2d 1135; In re Smith, 98-0619, 98-0620 (La.5/8/98), 710 So.2d 241; In re Ferrand, 97-0811 (La.6/20/97), 695 So.2d 1332; In re Welcker, 97-0825 (La.6/3/97), 694 So.2d 918; In re Caver, 97-0823, 97-0824 (La.5/1/97), 693 So.2d 150; and In re Parker, 96-2697, 96-2698 (La.1/24/97), 687 So.2d 96. Accordingly, we will accept the recommendation of the disciplinary board and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of this court that the recommendation of the disciplinary board be accepted. Accordingly, it is ordered that the name of John D. Collins-worth be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Further, respondent is ordered to return all files and papers belonging to his clients and his former employer, as well as ordered to provide complete accountings and full restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KNOLL, J., concurs, being of the opinion the Board should have considered permanent disbarment.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. John M. Shuey, Jr., on behalf of Shuey & Smith, L.L.C., filed a disciplinary complaint with the ODC advising of respondent's misconduct. Mr. Shuey stated that he had made numerous attempts to contact respondent regarding the matters, but was unable to contact him. Mr. Shuey advised the ODC that the law firm assumed some of the monetary losses since it had provided restitution, to many of respondent's victims.

. Respondent's prior disciplinary record consists of an admonition imposed on March 8, 1991 for failure to cooperate in a disciplinary investigation. In addition, respondent is currently ineligible to practice law due to his failure to satisfy his mandatory continuing legal education requirements, as well as his failure to pay his bar dues and disciplinary assessment.

. However, the board declined to find a violation of Rule 1.7(b), noting there was nothing in the facts which would indicate a conflict of interest between respondent and his clients.

. The board relied on In re Lewis, No. 98-2825 (La. 1/29/99), 728 So.2d 846 (attorney disbarred for forging clients' names on settlement checks, commingling and conversion of clients' funds and failing to remit funds owed to clients and third party medical providers) and In re Gros, No. 95-0890 (La.9/15/95), 660 So.2d 434 (attorney disbarred for intentional and total disregard for his clients’ welfare).