ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM,
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John D. Collinsworth, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
.Prior to addressing the instant misconduct, we find it helpful to review respondent’s disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1977. In 1991, respondent was admonished by the disciplinary board for failing to cooperate with- the ODC in a. disciplinary investigation. Beginning in July 1998, and continuing through at least April 1999, respondent converted funds from his law firm’s operating and client trust accounts. The law firm filed a com *968 plaint against respondent in July 1999, but respondent failed to cooperate with the ODC in its investigation of the matter. We disbarred respondent for his conduct on September 21, 2001. In re: Collinsworth, 01-1628 (La.9/21/01), 795 So.2d 312.
UNDERLYING FACTS
On May 20, 2000, Terry Greer paid respondent $500 to represent him in a divorce proceeding. Respondent did some work on the case, but failed to complete 1 j>the representation and failed to communicate with his client concerning the matter. He also failed to promptly refund the unearned portion of the legal fee Mr. Greer paid.
In May 2001, Mr. Greer filed a complaint against respondent with the ODC. On June 19, 2001, and again on July 11, 2001, the ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint. The ODC thereafter served respondent with a subpoena compelling him to appear on September 4, 2001 and answer the complaint under oath. Respondent failed to appear.
DISCIPLINARY PROCEEDINGS
On February 13, 2002, the ODC filed two counts of formal charges against respondent, alleging that his conduct in the Greer matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f)(6) (failure to refund an unearned fee), 1.16(d) (termination of the representation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation). The ODC further alleged that respondent’s knowing-failure to respond to a lawful demand for information from a disciplinary authority constituted a violation of Supreme Court Rule XIX, § 9(c).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 1311(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order,[1] the committee found respondent was retained by Mr. Greer and that he failed to communicate with him, failed to plead his case, and failed to return the unearned fee, in violation of Rules 1.3, 1.4, 1.5(f)(6), 1.16(d), and 8.4(c) of the Rules of Professional Conduct. The committee also noted respondent’s failure to cooperate with the ODC and failure to respond to the formal charges. The committee determined that respondent violated duties owed to his client and as a professional, and that Mr. Greer suffered actual injury. The committee found no mitigating factors are present but noted in aggravation that respondent has a prior history of similar disciplinary violations. Under these circumstances, the committee recommended *969 that respondent be disbarred, to run consecutively with his prior disbarment.

Disciplinary Board Recommendation

Noting the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3), the disciplinary board agreed that respondent violated the Rules of Professional Conduct as charged. The board determined that respondent knowingly violated duties owed to his client and as a professional. Respondent caused damage to his client by failing to complete the divorce and by failing to return the advanced fee |4that he did not earn. His failure to cooperate in the disciplinary investigation resulted in the issuance of a subpoena and caused unnecessary delay and expense as well as damage to the profession. Based on the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence, the baseline sanction for this misconduct is a suspension from the practice of law.
The board found prior disciplinary offenses and a pattern of misconduct are aggravating factors. The board made no finding concerning mitigating factors.
Concluding respondent’s present and prior misconduct constitute “serious attorney misconduct,” as that term is defined by Guideline 9 of this court’s permanent disbarment guidelines,[2] the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction. Both respondent and the ODC filed briefs in response to the order.
DISCUSSION
The deemed admitted facts in this case support a finding that respondent neglected a legal matter, failed to communicate with his client, failed to promptly 1 ¿refund an unearned legal fee, and failed to cooperate with the ODC in its investigation. We note, however, that this misconduct occurred during the same general time frame as the misconduct forming the basis of respondent’s disbarment in Col-linsworth I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that it is generally inappropriate to disbar a previously disbarred attorney when the misconduct at issue occurred before or concurrently with the violations that resulted in the initial disbarment. Rather, when a second disciplinary proceeding involves misconduct that occurred during the same time frame as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in the Chatelain case, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; *970 In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we find the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in Collinsworth I.
Respondent suggests in brief that the misconduct at issue in the prior proceeding was far more serious than the single matter at issue here, and hence his punishment would not have been any different if these formal charges had been part of Collinsworth I. We agree. While we do not minimize the seriousness of respondent’s mishandling of Mr. Greer’s divorce case, that misconduct pales in comparison to respondent’s intentional conversion of funds from his law firm’s lfioperating and client trust accounts. There is nothing in the record before us to suggest that a sanction greater than disbarment would have been imposed if the two counts of formal charges arising out of the Greer matter had been added to the formal charges in the earlier proceeding. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that John D. Collinsworth be adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: Collinsivorth, 01-1628 (La.9/21/01), 795 So.2d 312, after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent filed nothing for the hearing committee's consideration.

. Supreme Court Rule XIX, Appendix E provides:
The following guidelines illustrate the types of conduct which might warrant permanent disbarment....
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a Suspension of more than one year.