*742 ATTORNEY DISCIPLINARY PROCEEDINGS.
I .PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, S. Judd Tooke, an attorney licensed to practice law in Louisiana.
UNDERLYING PACTS
In November 1985, Eugene James retained respondent to handle a dispute arising out of the construction of a pond on a tract of land in Bienville Parish known as the Loggy Bayou Plantation. Respondent filed a petition for damages on behalf of Mr. James in February 1988. Eugene James d/b/a Eugene James Constr. Co., et al. v. C. Markham Dickson, et al., No. 341,064 on the docket of the First Judicial District Court for the Parish of Caddo. It appears from the suit record that respondent was actively involved in the litigation until approximately May 1993, when he associated another attorney, John Collins-worth, to assist him in handling the case.[1] Mr. Collinsworth was not formally enrolled as counsel for Mr. James — respondent at all times remained the designated attorney of record — but nevertheless, respondent’s interest and participation in the case dwindled after Mr. Collinsworth’s engagement, as did respondent’s communication with his client.
[¡>At some point after May 1996, Mr. Collinsworth stopped working on Mr. James’ case.[2] In August 1999, and again in March 2000, Mr. James sent respondent letters inquiring about the status of the matter. Respondent did not reply to this correspondence. On April 7, 2000, the defendants filed a motion to dismiss Mr. James’ case on grounds of abandonment. The trial judge signed the motion on April 10, 2000 and dismissed the case with prejudice as to all defendants. On April 14, 2000, the court’s judgment was personally served upon respondent by the Caddo Parish Sheriffs Office, but he did nothing in response. Mr. James did not learn of the dismissal of his case until March 2001, when he personally checked the court record and discovered the judgment rendered some eleven months earlier.
*743 In April 2001, Mr. James filed a complaint against respondent with the ODC. Respondent answered the complaint and admitted that he “put the [James] matter on the back burner and paid attention to the other matters in my office.”
DISCIPLINARY PROCEEDINGS
On August 15, 2002, the ODC filed one count of formal charges against respondent, alleging that his conduct in the James matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The |sformal charges were served upon respondent by certified mail delivered on August 19, 2002.
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order,[3] the hearing committee found respondent’s inaction caused harm to Mr. James, who has lost the right to pursue his suit against the defendants. However, the committee did not find the harm was substantial, reasoning that the case had been pending for sixteen years and involved a number of counsel for Mr. James, including Mr. Collinsworth, who was lead trial counsel for the seven years prior to the dismissal of the action. Based on these findings, the committee determined that respondent’s conduct was negligent, rather than intentionally dishonest. The committee concluded respondent violated Rules 1.3 and 1.4 of the Rules of Professional Conduct, but found respondent did not violate Rules 8.4(a) or 8.4(d).
The committee found the following mitigating factors are present in this case: absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse. As ^aggravating factors, the committee recognized respondent’s prior disciplinary offenses,[4] as well as his substantial experience in the practice of law (admitted 1973).
Under the circumstances of this case, the committee recommended that respondent be publicly reprimanded.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board accepted the hearing committee’s factual findings and application of the Rules of Professional Conduct. The board determined respondent violated a duty owed to his client, Mr. James, and that his conduct was both negligent and knowing. Actual injury to Mr. James is present in that he lost his right to pursue his suit against the defendants. The board concurred in the aggravating and mitigat *744 ing factors cited by the hearing committee.[5]
Turning to the issue of an appropriate sanction for respondent’s misconduct, the board suggested that the reprimand proposed by the hearing committee may be too lenient. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the board observed that respondent’s conduct appears to be more negligent than knowing as to the lack of diligence violation. While respondent did fail to take the appropriate action in Mr. James’ lawsuit for over three years, causing the suit to be dismissed for lack of | ^prosecution, he relied (albeit unwisely) upon Mr. Collins-worth to help with the “trial/procedural” aspects of the case. As to the lack of communication issue, the record indicates that respondent was served with the order dismissing Mr. James’ case for lack of prosecution, but that he did not communicate with his client concerning the matter. This conduct appears to be knowing. In light of these considerations, and the prior jurisprudence discussing misconduct similar to respondent’s,[6] the board concluded that a brief suspension, with all or part deferred, appears to be more appropriate than a public reprimand.
Accordingly, the board recommended that respondent be suspended from the practice of law for four months, deferred, with any misconduct occurring during a four-month period following the finality of the court’s order being grounds for making the deferred period of suspension executo-ry. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
One board member dissented, on the ground that a fully deferred suspension is too lenient.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
I (¿DISCUSSION
The deemed admitted facts in this case support a finding that respondent ne *745 glected Mr. James’ legal matter and failed to advise him that his suit was dismissed as abandoned, in violation of Rules 1.3, 1.4, and 8.4(a) of the Rules of Professional Conduct. Accordingly, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
In fashioning an appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The disciplinary board correctly determined that respondent’s handling of Mr. James’' lawsuit was partly negligent and partly knowing. While respondent may have delegated responsibility for the litigation to another attorney, he still had the duty of ensuring that Mr. James was informed of the status of his case. Moreover, once respondent was notified in April 2000 that Mr. James’ suit had been dismissed for want of prosecution, he had an obligation to communicate with Mr. James concerning that fact. However, he failed to do so, and Mr. James did not learn of the dismissal until he reviewed the court record himself in March 2001. Under these circumstances, we find the baseline sanction for respondent’s misconduct is a suspension from the practice of law.
17Considering the record as a whole, we conclude a four-month suspension is appropriate. Given the absence of any dishonest or selfish motive on respondent’s part, we will defer this suspension in its entirety. However, we caution respondent that any misconduct during the four-month period following the finality of this judgment may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record filed herein, it is ordered that Starr Judd Tooke, Louisiana Bar Roll number 12862, be suspended from the practice of law for a period of four months, which shall be deferred in its entirety. Any misconduct by respondent during a four-month period following the date of finality of this court’s judgment may be grounds for making the deferred suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Mr. James was aware of Mr. Collinsworth's involvement in the case, as by letter dated May 26, 1993, respondent notified Mr. James that Mr. Collinsworth "has agreed to help litigate your matter.”

. In 1998, Mr. Collinsworth converted funds from his client trust account and his law firm’s operating account, then failed to cooperate with the ODC in its investigation of the matter. He was disbarred for that conduct in 2001. In re: Collinsworth, 01-1628 (La.9/21/01), 795 So.2d 312. Mr. Collins-worth was recently adjudged guilty of additional violations warranting discipline, which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. In re: Collins-worth, 04-0167 (La.6/25/04), 877 So.2d 967.

. Respondent filed nothing for the hearing committee’s consideration.

. In 1995, respondent was admonished by the disciplinary board for failing to communicate to a client the basis or rate of his fee (see 95-ADB-004).

. The board specifically credited respondent with demonstrating a cooperative attitude toward the disciplinary proceeding, on the ground that he answered Mr. James' complaint and "subsequently allowed the matter to proceed as a deemed admitted case. This actually made the disciplinary process easier, not harder, for ODC.” The court does not adopt this reasoning. As a general principle, the mitigating factor of a "cooperative attitude” is appropriately applied in consent discipline cases or in disputed matters in which the respondent displays an extraordinary level of cooperation in the disciplinary process. We can conceive of no circumstance in which it would be appropriately applied in a "deemed admitted” case.

. The board particularly noted In re: Hammond, 01-0318 (La.6/29/01), 789 So.2d 1259, and In re: Dowd, 94-1365 (La.10/28/94), 644 So.2d 372. In Hammond, the respondent filed suit on behalf of a plaintiff, but later let a claim against one of the defendants be dismissed for failure to prosecute. He also failed to communicate with his client about the status of the case and failed to cooperate with ODC. This conduct caused actual harm to the respondent’s client, who was required to file a disciplinary complaint and retain new counsel to pursue a legal malpractice claim. In light of the significant mitigating factors present, including inexperience in the practice of law, absence of a prior disciplinary record, and absence of a dishonest or selfish motive, the court imposed a fully deferred four-month suspension, subject to a two-year period of supervised probation with conditions.
In Dowd, the respondent was hired to handle two cases for a client, one of which was subsequently dismissed for lack of prosecution. Respondent failed to inform his client about the status of the matter and deceived his client by concealing the truth, and also failed to cooperate with ODC in its investigation. Citing several mitigating factors, including remorse and personal and emotional problems, the court imposed a six-month suspension.