DISCIPLINARY PROCEEDINGS
liPER CURIAM*.
Respondent, Jessie N. Gros, III, was charged with six counts of misconduct. In Count I, the evidence showed that respondent misled his client, Pamela Roberts, about the status of a Longshoreman and Harbor Worker’s Compensation matter filed by her father. In Count II, the evidence showed that respondent failed to respond to discovery in a wrongful death matter filed by Ms. Roberts, resulting in the dismissal of her suit. In Count III, the evidence showed that respondent falsely told his client, Katie Wean, that he filed a domestic matter on her behalf, but he could not get the matter before the court because the docket was backlogged. In Count IV, the evidence showed that respondent advised Ms. Wean to cash in a certificate of deposit and entrust him with the proceeds, $17,876.74. He commingled and converted all or a portion of this amount to his own use and did not return the funds to Ms. Wean until approximately one year later. In Count V, the evidence showed that respondent commingled and converted $47,-965.17 given to him by a client, Foster Dau-zat, to purchase real estate. In Count VI, the evidence showed that respondent commingled and converted $30,000 of a settlement he received on behalf of Mack Williams and Communication Services. Both the hearing committee and disciplinary board found that all six counts had been proved by clear and convincing evidence and recommended disbarment as an appropriate sanction.
In this court, respondent challenges the decision of the chair of the hearing committee denying his motion to recuse hearing committee member Jack Grant. Respondent alleges that Mr. Grant or his law firm represented a client in a suit against Communication Services of Louisiana, Inc., J. Brayton Matthews and Mack Williams, who were represented by respondent. Since Mack Williams was one of the complainants and Mr. Matthews was a witness hat the hearing, respondent contended Mr. Grant should be recused. Mr. Grant stated on the record that he did not recall any of the individuals mentioned by respondent, and his client ledger did not reflect any litigation with regard to these individuals. He stated he was not prejudiced in any way against respondent. Respondent has produced no evidence of Mr. Grant’s involvement in any litigation with these individuals. Accordingly, we find the hearing committee chair properly denied the motion to recuse Mr. Grant.
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the transcript, record, briefs, and oral argument, it is the decision of this court that the recommendations of the disciplinary board be accepted.
Accordingly, it is ordered that the name of Jessie N. Gros, III be stricken from the roll of attorneys and that his license to practice law in the state of Louisiana be revoked. All costs of this proceeding are assessed to respondent.

 Judge Ned Doucet, Jr., Court of Appeal, Third Circuit, sitting by assignment in place of Justice James L. Dermis. Calogero, C.J. not on panel. Rule IV, Part 2, § 3.