*385 DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
This disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel (ODC) against respondent, Jessie N. Gros, III, a currently disbarred attorney.[1] Count I alleged that respondent failed, neglected or refused to file suit and failed to communicate with his client, in violation of Rules 1.1(a), 1.3,1.4 and 8.4(a). Count II alleged that respondent misled his client and commingled and converted client funds, in violation of Rules 1.1(a), 1.3,1.4,1.15 and 8.4(a) and (c).
The underlying facts in the first count involve respondent’s representation of Ms. Donna Bell for a 1987 pedestrian-vehicle accident involving her daughter, Aisha. In April of 1990, Ms. Bell retained respondent to represent her on behalf of her daughter. Ms. Bell made numerous requests over the following five years to attain information on the progress of her daughter’s case and a copy of the file. Respondent would not communicate with her. Ms. Bell was only supplied with a copy of her file after she filed a complaint with the ODC. Respondent never filed suit in her case, and the matter is now prescribed.
The underlying facts in the second count arise from respondent’s representation of Ms. Carolyn Tranchina in connection with a personal injury suit based on an automobile accident that occurred in April of 1987. Ms. Tranchina called and wrote to respondent every few months regarding the progress of her case, and was told by respondent that the judge in her case died and that her case was being shuffled between the various courts.
|2In July, 1994, Ms. Tranchina asked for her file and informed respondent that she was terminating the representation. Respondent called her stating that he had a settlement and would forward the check to her within seven days. Ms. Tranchina never received this check despite making several calls and sending several letters to respondent. On August 4, 1994, respondent called Ms. Tranchina with a settlement offer. She accepted the offer but did not receive the settlement cheek. Finally, on September 30, 1994, respondent issued two settlement checks in the amount of $12,000.00 and $3,000.00. Both checks were returned “NSF.” Respondent also issued a check payable to Ms. Tranchina and her doctor, Dr. Jeff Jones, in the amount of $2,295.00. Ms. Tranchina endorsed the check and gave it to respondent to forward to her doctor. This check was also returned “NSF.” Respondent continued to mislead Ms. Tranchina until November, 1994, when he presented her with a cashier’s check; however, her doctor has yet to be paid.
After the filing of formal charges, a hearing was' conducted before the hearing committee, which respondent did not attend. Subsequently, the hearing committee issued its findings and recommendations. The committee determined that the ODC proved both counts of formal charges by clear and convincing evidence. The committee found that respondent violated duties owed to his clients and to the public through a lack of 'competence, lack of diligence. and lack of candor, and through failure to communicate and preserve the client’s property. Additionally, the committee found that respondent was engaged in activity involving dishonesty, fraud, deceit and misrepresentation. It noted respondent failed to file suit and hindered Ms. Bell from bringing suit on her own behalf, and hid information, issued checks upon deficient accounts and lied about paying Ms. Tranehina’s doctor. Based on these facts, the committee concluded’ that respondent knowingly deceived his clients regarding their cases and that the injury caused was substantial.
As aggravating factors, the committee found (1) prior ^discipline;[2] (2) failure to *386 cooperate; and (3) a pattern of misconduct. It found no mitigating factors.
The committee .found that respondent places no value on his license nor his ethical obligations to his clients, and concluded the appropriate sanction was disbarment. Since respondent is already disbarred, the committee recommended that the five year readmission period extended to run from the date of finality of decision in this case. Additionally, the committee .recommended respondent’s readmission be subject to certain conditions.
The disciplinary board agreed that respondent’s actions were intentional and resulted in substantial harm to his clients, and that disbarment was the proper sanction. As additional aggravating factors, it pointed out that respondent was involved in multiple offenses, and that the victims were vulnerable.
It noted that this was the first case which new charges had been filed against an already disbarred attorney. since the enactment of the new disciplinary procedures in 1990. Nonetheless, Uit found no reason why this court’s opinion in Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987), should not continue to apply.[3] Accordingly, the disciplinary board accepted the reeom-mendation of the hearing committee that the five year readmission period extended to run from the date of finality of decision in this case. It amended the conditions of readmission to provide that respondent shall be required to take and pass the MPRE, and that respondent be assessed with all costs of these proceedings.
Upon review of the record of the hearing committee and disciplinary board findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent, Jessie N. Gros, III, is prohibited from petitioning this court for readmission pursuant to Supreme Court Rule 24(A) until five years have elapsed from the finality of this judgment. All costs of these proceedings are assessed to respondent.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. Respondent was disbarred by this court on September 15, 1995 based on six counts of miscount, including misleading a client about the status of a matter; failing to respond to discovery, resulting in dismissal of a client’s suit; and commingling and converting client funds. In re Gros, 95-0890 (9/15/95), 660 So.2d 434.

. Respondent’s prior discipline consists of;
*386 1) Disbarment, 9/15/95, 95-B-0890, for six counts of misconduct in connection with his representation of four clients.
2) Admonition, 9/6/95, 95-ADB-083, for failure to respond and cooperate with a disciplinary investigation.
3) Admonition, 7/17/95, 95-ADB-054, for failure to respond and cooperate with a disciplinary investigation.
4) Admonition, 4/20/95, 95-ADB-027, for failure to respond and cooperate with a disciplinary investigation.
5) Admonition, 8/2/94, 94-ADB-087, for failure to respond and cooperate with a disciplinary investigation.
6) Admonition, 12/22/93, 93-ADB-095, for failure to respond and cooperate with a disciplinary investigation.
7) Admonition, 5/27/92, 92-ADB-022, for failure to respond and cooperate with a disciplinary investigation.
8) Admonition, 9/18/90, 90-ADB-547, for failure to respond and cooperate with a disciplinary investigation.
9)Admonition, 5/21/90, 90-ADB-623, for failure to respond and cooperate with a disciplinary investigation.

. In Krasnoff, this court concluded it was appropriate to extend the period within which a disbarred attorney could apply for readmission:
Clearly the provision requires a mandatory minimum period of five years before a disbarred attorney may petition for reinstatement. As this is only a minimum requirement, we are free to extend such period as appears appropriate in the circumstances. After carefully considering the options available, and the suggestions made by the Committee on Professional Responsibility, we conclude the proper disciplinary penalty to be assessed against Respondent is an extension of the minimum five year period which must expire before he may apply for reinstatement to the practice of law.
Although this case was decided prior to the adoption of the 1990 Rules for Lawyer Disciplinary Enforcement, we agree that its rationale continues to apply.