*614 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary proceeding arises from formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, James M. Banks, Jr., an attorney licensed to practice law in the State of Louisiana. Both the hearing committee and the disciplinary board recommended respondent be disbarred from the practice of law. For the reasons assigned, we now adopt that recommendation.
UNDERLYING FACTS
The ODC filed three separate sets of formal charges -in this matter, consisting of a total of thirteen counts of misconduct.[1] For the sake of clarity, these charges will be referred to by their disciplinary board numbers: 96-DB-060 (seven counts), 97-DB-013 (three counts) and 97-DB-064 (three counts).

96-DB-060

Count I of these formal charges alleges that on April 8, 1994, the United States District Court for the Eastern District of Louisiana found respondent to be in criminal contempt of court due to his failure to attend a November 24, 1993 hearing in the matter entitled United States v. T.R., A Male Juvenile, No. 93-453. As a result, the federal court suspended respondent from practice in the Eastern District of Louisiana, and it later disbarred him when he failed to file an |2answer in connection with the federal disciplinary proceedings.
In Count II, the ODC alleges it instituted an investigation into the federal court disciplinary proceedings. Respondent failed to cooperate in the matter, and the ODC issued a subpoena compelling his attendance at a scheduled deposition. On the morning of the deposition, respondent’s wife contacted the ODC advising that respondent would be late. However, respondent failed to appear for the deposition.
In Count III, the ODC alleges respondent registered for the 1995 Recent Developments Seminar conducted by the Louisiana State University Law Center Office of Continuing Professional Development (“LSU”), and he paid the $315 registration fee by submitting a credit card number. The LSU program director later determined the credit card number respondent submitted was invalid. Despite numerous requests by the program director, respon *615 dent failed to remit payment until one year later.[2]
In Count IV, the ODC alleges it instituted an investigation into the allegations of misconduct in connection with the LSU matter. Respondent failed to answer the ODC’s requests for information.
In Counts V and VI, the ODC alleges respondent improperly issued two checks from his client trust account. The first check was made payable to the “LSBA Continuing Legal Education Department” for a reinstatement fee in the amount of $100. The second check was made payable in the amount of $335 to the “Center of Continuing Professional Development/LSU” for the amount past due for his attendance at the 1995 Recent Developments Seminar at issue in Count III.
Finally, in Count VII, the ODC alleges it instituted an investigation into respondent’s issuance of checks from his client trust account for the personal expenditures described in Counts V and VI. Respondent failed to address the ODC’s requests for information.

97-DB-013

The three counts in this matter are based on three separate complaints filed against | arespondent between May and August, 1996.[3] In each instance, respondent failed to comply with the ODC’s requests for information. The ODC then issued subpoenas compelling his attendance at a scheduled deposition. Respondent failed to appear for the deposition, despite receiving personal service.

97-DB-064

In Count I of this matter, the ODC alleges that Judge Calvin Johnson of the Criminal District Court for the Parish of Orleans issued an attachment for respondent’s arrest due to respondents’ continued failure to appear in court to represent his clients. Upon his arrest, respondent was incarcerated for a twenty-four hour period for contempt of court. Subsequently, Judge Johnson barred respondent from practicing in his section of court because of his continued demonstration of a lack of care and concern for his clients.
In Count II, the ODC alleges that in the course of representing a criminal defendant in a matter pending in Criminal District Court for the Parish of-Orleans, respondent failed to appear on behalf of his client for an arraignment. The presiding judge, Judge Calvin Johnson, instructed his secretary to contact the personal surety listed on the bond form. The listed individual appeared before the court and indicated she was respondent’s sister. She denied ever signing the personal surety bond. The ODC further alleges the amount of the bond and the offense listed on the bond had been altered.
Finally, in Count III, the ODC alleges respondent failed to cooperate in the investigation of the matters at issue in Counts I and II.
DISCIPLINARY PROCEEDINGS
After the ODC filed formal charges, respondent failed to file an answer. The charges were consolidated and submitted to the hearing committee on documentary evidence.

Hearing Committee Recommendation

4The hearing committee found all the charges were proven by clear and convine- *616 ing evidence. It determined respondent intentionally violated duties to his client, the profession and the legal system. While it determined the amount of injury was unknown, the committee concluded the potential injury to the respondent’s clients by his failure to appear in court on their behalf was significant. Relying on the ABA Standards for Imposing Lawyer Sanctions,[4] the committee determined the baseline sanction for respondent’s misconduct was disbarment. The hearing committee recognized the presence of several aggravating factors,[5] but it found no factors in mitigation. Accordingly, the committee recommended respondent be disbarred from the practice of law.

Disciplinary Board Recommendation

Initially, the disciplinary board recognized that respondent appeared before the board panel for oral arguments and attempted to offer explanations for his misconduct. However, relying on Supreme Court Rule XIX, § 11 F(2),[6] the board concluded it was barred from receiving respondent’s evidence since he failed to present it to the hearing committee. In any event, it found respondent’s explanations were “not persuasive and did not provide any basis for relief or mitigation.”
The disciplinary board accepted the aggravating factors as found by the hearing committee and agreed there were no mitigating factors present. Based on these considerations, the | aboard found the baseline sanction of disbarment was appropriate.
Neither respondent nor the ODC have filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of fact made by the hearing committee. The theme running through all the counts of misconduct is respondent’s blatant neglect of his duties both to his clients and to the disciplinary system. The fact that respondent has been barred from representing clients in United States District Court for the Eastern District of Louisiana, as well as from representing clients in a section of Criminal District Court for the Parish of Orleans, clearly demonstrates the seriousness of his actions. Although the record does not disclose whether any clients were injured by respondent’s actions, the potential for harm from such misconduct is great. Accordingly, we find respondent lacks the fitness to practice law, and conclude that disbarment is the appropriate sanction.
*617 DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and the record submitted in this matter, it is the judgment of this court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that the name of James M. Banks, Jr. be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses of these proceedings are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1.
JOHNSON, J., not on panel.

 Johnson, J. not on panel. Rule IV, Part II, § 3.

. The charges allege the following violations of Rules of Professional Conduct: 1.1(a) (incompetence), 1.1(b) (non-compliance with MCLE requirements), 1.3 (lack of due diligence), 1.15 (commingling of client funds with the attorney's funds), 3.3(a)(1) (intentionally making a false statement to a tribunal), 3.3(a)(4) (intentionally offering false evidence to a tribunal), 3.4(c) (knowingly disobeying an obligation of a tribunal), 3.5(c) (engaging in conduct intended to disrupt a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(b) (engaging in criminal acts adversely reflecting on a lawyer's honesty), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (failure to cooperate with the ODC).

. In addition, at the time respondent applied to attend the program in 1995, he was deficient in his 1994 continuing legal education hours. He represented to the bar association that he intended to apply these hours to his 1994 annual requirements. Based on this representation, respondent was certified as compliant, preventing him from being declared ineligible to practice by this court.

. Elfert Billiot filed a complaint in May, 1996. Glen R. Diecedue, Jr. of Crescent City Health Care, Inc. filed two separate complaints on behalf of Nadine Henderson and Darryle White in August, 1996. The underlying facts and disposition on the merits of these complaints do not appear in the record.

. Standard 4.41 provides: "[djisbarment is generally appropriate when (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client .” Standard 7.1 provides: "[d]isbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.”

. The hearing committee recognized the following aggravating factors: pattern of misconduct, dishonest motives, multiple offenses, bad faith obstruction of disciplinary process, refusal to acknowledge wrongful nature of the misconduct, vulnerability of the victims and substantial experience in the practice of law (admitted in April, 1989). The hearing committee also found respondent had a prior disciplinary record consisting of three admonitions for failing to cooperate with the ODC (see, 90-ADB-604 (4/18/91); 94-ADB-093 (9/12/94); 95-ADB-057 (8/31/95)). Additionally, we take note of the fact that respondent has been declared ineligible to practice on several occasions between 1991-1998 due to his failure to pay bar dues or satisfy his mandatory continuing legal education requirements. The periods of ineligibility are as follows: 7/13/91 - 6/18/92; 1/8/93 - 9/22/93; 1/1/94- 5/24/94; 8/16/96 - 11/22/96; 8/8/97-9/21/98.

.Supreme Court Rule XIX, § 11 F(2) provides in pertinent part, "[djuring its review, the board shall not receive or consider any evidence that was not presented to the hearing committee....”