ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This attorney disciplinary proceeding arises from seven counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Spencer W. Kimball, II,[1] an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension.
UNDERLYING FACTS

Count I

On November 26, 1996, Antonio McGee retained respondent for $700 to represent his friend in a criminal matter. Subsequently, respondent failed to take any measures on behalf of his client, failed to communicate with the client or Mr. McGee and failed to return the unearned fee, despite repeated requests.

Count II

In 1995 or 1996, Barry Alveris retained respondent for $125 to obtain a special commission card from the New Orleans Police Department. Subsequently, respondent failed to take any action on behalf of his client and failed to respond to his client’s requests for information.

19Count III

Janell Watson retained respondent for $283.88 to represent her son, who was *1168 incarcerated, in a criminal matter. Subsequently, respondent failed to take any measures on behalf of his client, refused to communicate with the client or Ms. Watson and failed to return the unearned fee, despite Ms. Watson’s repeated requests.

Count IV

On September 29, 1997, Carolyn Williams retained respondent for $800 to handle a bond reduction matter for her son. Subsequently, respondent failed to take any measures on behalf of his client, failed to communicate with the client or Ms. Williams and failed to return the unearned fee, despite Ms. Williams’ repeated requests.

Count V

In October 1997, Elliott Sanders retained respondent for $800 to represent him at a criminal hearing. Subsequently, respondent failed to appear at the hearing, thus, placing his client in danger of being incarcerated. Respondent failed to take any action on behalf of his client and failed to reply to his client’s requests for information. Although Mr. Sanders wrote to respondent discharging him from the representation and seeking the return of the unearned fee, respondent failed to respond to the correspondence.

Count VI

On January 2, 1998, Cindy Stevenson retained respondent for $300 to represent her husband, who was incarcerated, at a bond reduction hearing. Respondent failed to appear at the hearing and failed to take any measures on behalf of his client. He failed to communicate with the client or Mrs. Stevenson, or return the unearned fee, despite Mrs. Stevenson’s repeated requests.

\xCount VII

On February 18, 1998, respondent was arrested for possession of crack cocaine. On July 1, 1998, he entered a plea of nolo contendere to the charge and was sentenced to one year of imprisonment, suspended, subject to a one year period of active probation. State of Louisiana v. Kimball, 396, 223 “H,” Criminal District Court for the Parish of Orleans, State of Louisiana
DISCIPLINARY PROCEEDINGS

Motion for Interim Suspension

Shortly after his conviction, respondent and the ODC filed a joint petition for immediate interim suspension. This court granted the request and placed respondent on interim suspension. In re: Kimball, 98-01372 (La.6/17/98), 712 So.2d 498.

Formal Charges

After investigation, the ODC filed seven counts of formal charges alleging respondent’s actions violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate), 1.5(a)(6) (failure to refund unearned fees), 8.4(b) (commission of a criminal act adversely reflecting on a lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct.
Respondent failed to file an answer to the charges and, as a result, they were deemed admitted pursuant to Rule XIX, § 11(E)(3). Accordingly, no formal hearing was conducted. The matter was submitted to the hearing committee on documentary |4evidence presented by the ODC.[2] Respondent submitted no documen *1169 tary evidence or memorandum in support of his case.

Hearing Committee Recommendation

Because the charges were deemed admitted, the hearing committee focused on the appropriate sanction for respondent’s misconduct. Citing the ABA’s Standards for Imposing Lawyer Sanctions,[3] the committee concluded the baseline sanction for respondent’s criminal conviction was a suspension, and the baseline sanction for his other misconduct was disbarment. As aggravating factors, the committee recognized a pattern of misconduct, multiple offenses, failure to comply with orders of a disciplinary agency and indifference to making restitution. The committee identified no mitigating factors. Accordingly, the committee recommended imposition of disbarment.

Disciplinary Board Recommendation

Respondent did not file a brief for the board’s consideration, nor did he appear for the board panel argument. In its recommendation, the board observed that, although respondent was given proper notice of the proceedings by certified mail at his primary registration address, he may not have received the notice, as it was returned unclaimed. Nonetheless, it pointed out respondent had actual knowledge of the disciplinary proceedings based upon his participation in the joint petition for immediate interim suspension.
|fiOn the merits, the board adopted the findings of the hearing committee in all respects. Specifically, it concluded respondent violated duties owed to his clients and the public, and that his conduct was knowing, if not intentional, when he accepted cases, failed to perform the work and then refused to return his clients’ money, despite their requests. The board relied on the ABA Standards and aggravating factors cited by the board. It also noted in aggravation the vulnerability of respondent’s victims, his substantial experience in the practice of law (admitted in 1980), his indifference to making restitution and his illegal conduct involving the use of controlled dangerous substances. The board also pointed out that no mitigating factors were recognized. Relying on the case of In re: Banks, 99-0609 (La.5/7/99), 734 So.2d 613,[4] the board recommended that respondent be disbarred from the practice of law.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of the hearing committee that the charges against respondent have been proven. Therefore, the sole issue presented for our consideration is the appropriate sanction for respondent’s misconduct.
*1170 In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the Ififacts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals that respondent totally abandoned the cases of six clients. After taking legal fees from these clients, respondent made no effort whatsoever to pursue their cases, nor did he refund his unearned legal fees. In addition to his misconduct involving clients, respondent was also convicted of a felony drug offense, which clearly reflects on his moral fitness to practice law.
Numerous aggravating factors are present, including the vulnerability of respondent’s victims, his substantial experience in the practice of law (admitted in 1980) and his indifference to making restitution. We are unable to discern any mitigating factors from the record.
We find no basis to deviate from the baseline sanction of disbarment. Accordingly, we will accept the board’s recommendation and disbar respondent from the practice of law.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Spencer W. Kimball, II be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Through a clerical error, respondent was erroneously referred to as “Spencer W. Kim-ball, III” in the proceedings in the hearing committee and disciplinary board. In fact, respondent's correct name, as listed on the bar rolls of this court as well as earlier pleadings filed in the court in connection with respondent's interim suspension, is "Spencer W. Kimball, II.”

. Particularly, the ODC submitted the affidavit of its investigator, H. Patton Stewart, attesting to the extensive measures taken on his part to locate respondent. His investigation *1169 concluded that respondent was last known to be employed in a non-legal capacity in the State of Texas.

. Standard 4.61 provides "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious or potentially serious injury to a client.” Standard 5.12 provides "[s]uspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer’s fitness to practice.”

. In Banks, this court disbarred an attorney who had been held in contempt of court for his failure to attend hearings, use of an invalid credit card, improperly issuing checks from his client trust account and failing to cooperate in the ODC's investigation of three complaints and resulting disciplinary proceeding. As in the instant case, numerous aggravating factors and no mitigating factors were present in Banks.