| .PER CURIAM.
This disciplinary proceeding arises from the filing of six counts of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Jessie N. Gros, III.
PRIOR DISCIPLINARY HISTORY
At the outset, we note that respondent has been twice disbarred by this court for conduct unrelated to that at issue in the instant matter. In 1995, respondent was disbarred from the practice of law based on six counts of misconduct, which included misleading a chent about the status of a matter, failing to respond to discovery resulting in the dismissal of a client’s suit, and commingling and converting chent funds. In re: Gros, 95-0890 (La.9/15/95), 660 So.2d 434.
In 1997, the ODC filed additional charges against respondent for neglecting to file a suit, failing to communicate with a chent, and comminghng and converting chent funds. We concluded this conduct warranted disbarment. As respondent was already disbarred, we extended the minimum period within which respondent could apply for readmission. In re: Gros, 97-1295 (La.9/24/97), 699 So.2d 384.
UNDERLYING FACTS

Count 1

On September 11, 1996, respondent entered a guilty plea to two counts of theft over $100 in violation of La. R.S. 14:67. He was sentenced to three years hard labor, suspended, and placed on active probation for three years.

Counts II & III

Randy P. Andras retained respondent to represent him in a community property division. In 1994, the trial court rendered a judgment in the case. In settlement of the community property, counsel for the opposing party forwarded respondent a check in the amount of $11,609.20, made payable to Mr. Andras. Respondent forged Mr. Andras’ endorsement on the check and converted the funds to his own use. Despite repeated attempts, Mr. An-dras was unable to recover the funds, even after retaining counsel to assist him. Subsequently, respondent failed to cooperate in the ODC’s investigation of the complaint filed by Mr. Andras. Respondent also refused to appear for a scheduled deposition pursuant to a subpoena.

Count IV

In 1988, Raymond Lemoine retained respondent to represent him in a bankruptcy matter, as well as a domestic relations matter. Although respondent was paid $400, he failed to perform the services for which he was retained and failed to refund the unearned fee.

Count V

On July 18, 1994, Kathleen Whittaker retained respondent to represent her in a garnishment case. He was paid a fee of $527, yet he performed virtually no work Ron the case. Respondent advised his client the garnishment matter had been resolved in court; however, court records indicated respondent failed to make any court appearances. The garnishment did not stop until Ms. Whittaker became employed by the respondent as a receptionist and was paid in cash.
In October 1995, Ms. Whittaker paid respondent $182 to represent her in a child *801 custody case. Respondent performed little or no work in the case.

Count VI

On September 29,1995, the order of this court disbarring respondent became final. In re: Gros, 95-0890 (La.9/15/95), 660 So.2d 484. Respondent did not inform his clients of the disbarment and he engaged in the unauthorized practice of law.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed formal charges against respondent, alleging his conduct violated the following provisions of the Rules of Professional Conduct: Rule 1.3 (failure to act with diligence in representing a client); Rule 1.4 (failure to keep clients reasonably informed and comply with reasonable requests for information); Rule 1.15 (failure to refund and account for unearned fees); Rule 1.16(d) (failure to protect client interests upon termination of representation); Rule 8.1(b) (knowing failure to respond to a lawful demand for information in a disciplinary investigation); Rule 8.1(c) (failure to cooperate with the ODC in its investigation); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (criminal acts reflecting adversely on a lawyer’s honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Rule 8.4(g) (failure to cooperate with the ODC in its investigation).
| ¿Respondent failed to file an answer to the formal charges. Accordingly, the matter was submitted to the hearing committee on documentary evidence only.

Recommendation of the Hearing Committee

Because respondent failed to appear and answer the formal charges, the hearing committee concluded the charges were deemed admitted pursuant to Supreme Court Rule XIX, § 11(E)(3). Therefore, the committee found the sole issue before it was the appropriate sanction for respondent’s misconduct.
The committee concluded that even in the absence of respondent’s lengthy prior disciplinary history, the current charges would warrant disbarment. Accordingly, the committee recommended respondent be disbarred.

Recommendation of the Disciplinary Board

The disciplinary board agreed that respondent’s actions were intentional and resulted in substantial harm to his clients, the profession, and the public. It also agreed that disbarment was the appropriate sanction.
Recognizing that respondent had already been disbarred on two prior occasions, the board found as a practical matter he could not be disbarred again. However, citing Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987), the board recognized this court has the authority to extend the minimum period which must expire before respondent may apply for readmission.
Finally, the board observed that it had recently recommended to this court that Supreme Court Rule XIX, § 10(A), dealing with the types of sanctions which could be imposed in bar disciplinary cases, be amended to provide for permanent disbarment upon proof of compelling evidence. The board suggested that this case presented “compelling evidence” which would warrant consideration of permanent disbarment.
RN either respondent nor the ODC objected to the disciplinary board’s recommendation, which was filed in this court on March 24, 1998. However, in light of the *802 board’s recommendation that the court consider the imposition of permanent disbarment under the egregious facts of this case, we deferred action on the case pending our consideration of a rule relating to permanent disbarment.
DISCUSSION
On August 1, 2001, after a lengthy period of study and public comment, this court adopted amendments to Supreme Court Rule XIX, § 10[1] and § 24[2] to provide for the sanction of permanent disbarment. On September 13, 2001, we ordered respondent and the ODC to brief the issue of whether permanent disbarment should be imposed in this matter.[3] The order further provided that respondent could request oral argument in his brief, and that if such a request was made, the case would be | r,docketed; otherwise, the matter would be considered only on the briefs. Respondent did not file a brief.[4]
However, on October 3, 2001, two attorneys potentially facing permanent disbarment filed a “Motion for Leave to File Amicus Curiae Brief, for Oral Argument, and to Participate in Oral Argument.” The amici asserted that they are in a similar posture to respondent as their misconduct occurred prior to August 1, 2001, but the ODC will be seeking to permanently disbar them.
*803 Because of the unusual issues presented in this case, we permitted the amici to file briefs and participate in oral argument. At oral argument, the amici suggested that the permanent disbarment rules could not operate retroactively because to do so would deprive the respondent-attorney of the right to seek readmission, a right granted to him at the time of the underlying misconduct. In opposition, the ODC argued that this court always had discretion to foreclose a disbarred attorney from seeking readmission, and contended the rule changes were merely guidelines by which the court will exercise its discretion and authority.
17Having considered the record of the instant proceeding in light of the well-presented arguments of the amici and the ODC, we now conclude that we need not resolve the issue of retroactivity of the permanent disbarment rules in the context of the present facts.
While the disciplinary board’s recommendation that we consider the imposition of permanent disbarment in this matter and our resulting decision to defer consideration of the matter were well Mentioned, our lengthy deliberations over the permanent disbarment rule resulted in this case being held nearly three years. The resulting delay itself presents a factor which must be considered. See Standard 9.32(i) of the ABA’s Standards for Imposing Lawyer Sanctions; In re: Hand, 00-3106 (La.6/1/01), 787 So.2d 294.
Most significantly, our review of the record in this case reveals the misconduct in the instant case occurred within the same time frame as the misconduct which resulted in respondent’s previous disbarments. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that when the underlying conduct occurs within the same period as the misconduct forming the basis for a previous disbarment, the discipline imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in Cha-telain, we declined to extend the minimum period for readmission. Instead, we adjudged the respondent guilty of additional violations which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so.
In determining an appropriate sanction in the instant case, we believe the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges |Rhad been before the court at the same time as the charges in respondent’s previous disciplinary proceedings.[5]
Disbarment is clearly the appropriate penalty for the violations in this case. Respondent’s commingling and conversion of client funds and neglect of client matters, combined with his criminal conviction for theft, convincingly demonstrates that he has engaged in some of the most serious professional misconduct an attorney can commit. No mitigating factors are present.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbar-ments, they would have only reinforced our view that respondent lacks the moral *804 fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will carefully scrutinize any application for readmission with a critical eye.
In sum, without passing on the question of whether we could apply the permanent disbarment rules to this case, we elect in our discretion to resolve this case under the principles set forth in Chatelain. Accordingly, respondent is adjudged guilty of additional violations which warrant disbarment and which will be added to |flhis record for consideration in the event he applies for readmission after becoming eligible to do so.
DECREE
For the reasons assigned, respondent, Jessie N. Gros, III, is adjudged guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Supreme Court Rule XIX, § 10(A) was amended to add the highlighted language:
(1) Disbarment by the court. In any order or judgment of the court in which a lawyer is disbarred, the court retains the discretion to permanently disbar the lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.

. Supreme Court Rule XIX, § 24(A) was amended to add the highlighted language:
A disbarred lawyer or a suspended lawyer who has served a suspension period of more than one year, exclusive of any waivers or periods of deferral, shall be reinstated or readmitted only upon order of the court. No lawyer may petition for reinstatement until six months before the period of suspension has expired. No lawyer may petition for readmission until five years after the effective date of disbarment. A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the time of the effective date of the interim suspension. The court retains the discretion, in accordance with Section 10A of this rule, to permanently disbar a lawyer and permanently prohibit any such lawyer from being readmitted to the practice of law.

. Similar orders were issued in In re: Parker, 00-B-3532, and In re: Patrick, 01-B-1419. We address those cases in separate opinions rendered this day.

. However, on October 3, 2001, this court received a letter from attorney Bill Porteous, which states in pertinent part as follows:
Mr. Jessie N. Gros, III has asked that I address you in his behalf informally with regard to the Order of September 13, 2001 directing that he file a brief addressing whether the sanction of permanent disbarment should be imposed in his case. This letter is written on behalf of Mr. Gros who acknowledges his wrongdoing about which he is regretful and remorseful. He advises me that he has made good on all of the financial obligations which gave rise to his troubles. However, he feels that he cannot proceed further in this matter because of the emotional upheaval the reopening of this matter has occasioned for him and his family. He has asked that I write to you in this regard and ask that the Court recognize that he and his family are humanly so destroyed by what has happened to him that he wishes to proceed no further.
He has asked me to write this letter to you and is fully aware of its contents. Mr. Gros regrets what has happened to him but did not wish that the Court might think that its Order was being ignored. He simply can go no further. The humiliation, embarrassment and reopening of old wounds which this matter occasions is too difficult for him and his family.

. Our decision should not be interpreted as espousing the position advanced by the amici in this case that the date of the misconduct determines whether the permanent disbarment rules should be applied. As noted above, we expressly decline to resolve that issue, and nothing in this opinion should be interpreted as passing on whether we could or could not impose permanent disbarment under these facts.