*1092 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from nine counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Jessie N. Gros, III, a disbarred attorney. For the reasons assigned, we now permanently disbar respondent from the practice of law in Louisiana.
PRIOR DISCIPLINARY HISTORY
In 1995, respondent was disbarred from the practice of law based on six counts of misconduct, which included misleading a client about the status of a matter, failing to respond to discovery resulting in the dismissal of a client’s suit, and commingling and converting client funds. In re: Gros, 95-0890 (La.9/15/95), 660 So.2d 434 (“Gros I”).
In April 1996, the ODC filed additional charges against respondent for neglecting to file a suit, failing to communicate with a client, and commingling and converting client funds. We concluded that such conduct warranted disbarment. Because respondent was already disbarred as a result of Gros I, we extended by five years the minimum period within which he could apply for readmission. In re: Gros, 97-1295 (La.9/24/97), 699 So.2d 384 (“Gros II”).
In July 1997, the ODC filed formal charges alleging that respondent neglected to file a suit, failed to communicate with a client, and commingled and converted client funds. We concluded that disbarment was appropriate considering respondent engaged in some of the most serious professional misconduct an attorney can commit, and there were no mitigating factors present. However, because the conduct subject of the 1997 formal charges occurred within the same time frame as Gros I and Gros II, we determined it was appropriate to add the additional violations to respondent’s record for consideration in the event he applied for readmission. In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799 (“Gros III”).[1]
UNDERLYING FACTS
Counts I and II — The Porche Matter
Murphy Porche retained respondent to represent him in a personal injury matter. Respondent filed suit after prescription had run and the suit was dismissed as prescribed in 1989. Nevertheless, for a period of several years, respondent falsely informed his client that the suit was still pending. Mr. Porche’s family discovered the truth in 1996 and filed a complaint with the ODC concerning respondent’s conduct. Respondent failed to cooperate with the ODC in its investigation of the complaint.
Counts III and IV — The Knobloch Matter
In late 1993, James Knobloch, Jr. retained respondent to represent him in two separate legal matters. At the time respondent agreed to represent Mr. Knob-loch, he was ineligible to practice law due to his failure to comply with his mandatory continuing legal education (“MCLE”) requirements. Furthermore, respondent continued to handle Mr. Knobloch’s legal matters after he was disbarred in September 1995. In November 1995, respondent informed Mr. Knobloch that one of the matters would soon be settled. In August 1996, respondent advised Mr. Knobloch that his case would be or had been settled. *1093 To date, respondent has failed to provide Mr. Knobloch with any documentation verifying that a suit was even filed. Further, respondent has not provided Mr. Knobloch with any settlement documentation or funds. Finally, respondent failed to cooperate with the ODC in its investigation of the complaint filed against him by Mr. Knobloch.
Counts V. and VI — The Menendez Matter
In 1994, Diego Menendez retained respondent to represent him in a suit against the former First National Bank of Jefferson Parish. At the time respondent agreed to represent Mr. Menendez, he was ineligible to practice law due to his failure to comply with MCLE requirements. Furthermore, respondent continued to handle Mr. Menendez’s legal matter after he was disbarred in September 1995. Respondent gave false information to Mr. Menendez about the status of his case, advising that the suit was active and that the court would soon render a decision. In 1997, respondent ceased to communicate with Mr. Menendez entirely. Respondent has never furnished Mr. Menendez with any documentation confirming that he even filed suit nor has he furnished any settlement documents or funds. Further, respondent failed to provide Mr. Menen-dez with his file. Finally, respondent failed to cooperate with the ODC in its investigation of the complaint filed against him by Mr. Menendez.
Counts VII and VIII — The Henderson Matter
On November 1, 1992, respondent’s uncle, Edward Henderson, was killed in an automobile accident. Respondent approached Mr. Henderson’s family and offered to handle the wrongful death case as well as the estate without taking a fee. In late November and early December 1992, respondent received checks from South Farm Bureau Insurance totaling $25,500. Respondent forged the endorsements of Mr. Henderson’s family members and converted the funds to his own use. In 1993, respondent passed the act of sale for the family home and converted the proceeds of that transaction to his own use. To conceal his misconduct, respondent misled the decedent’s widow and children — his aunt and cousins — for a period of years. The Henderson heirs finally became aware of respondent’s misconduct in early 1999 and filed a complaint with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
Count IX — Respondent’s Conviction
On January 13, 1998, following his guilty plea in the United States District Court for the Eastern District of Louisiana, respondent was convicted of two felony counts of mail fraud. The conviction stemmed from respondent’s conversion of $230,000 in settlement funds belonging to eight clients. On February 2, 2000, respondent was sentenced to serve eighteen months in prison, followed by a three-year period of supervised release, and fined $4,000.
DISCIPLINARY PROCEEDINGS
On April 8, 2002, the ODC filed nine counts of formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.1(b) (failure to comply with the mandatory continuing legal education requirements), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.8 (prohibited transactions between a lawyer and a client), 1.14 (client under a disability), 1.15 (safekeeping property of clients or third *1094 persons), 1.16(d) (termination of the representation), 3.4(a) (unlawfully obstructing another party’s access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation). The ODC further alleged that respondent’s knowing failure to respond to a lawful demand for information from a disciplinary authority constituted a violation of Supreme Court Rule XIX, § 9(c), and that he was convicted of a serious crime pursuant to Supreme Court Rule XIX, § 19(B).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. In its submission, the ODC recommended the imposition of permanent disbarment for respondent’s unauthorized practice of law and conviction of mail fraud, all of which occurred after his prior disbarments. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

Noting the factual allegations of the formal charges were deemed admitted pursuant to Supreme Court Rule XIX, § 11(E)(3), the hearing committee agreed that respondent violated the Rules of Professional Conduct as charged, except that the committee found respondent’s failure to cooperate with the ODC (specifically his failure to produce subpoenaed files and/or financial records during sworn statements) did not constitute dishonest or fraudulent conduct in violation of Rule 8.4(c). After reviewing the documentary evidence submitted by the ODC in response to the deemed admitted order, the committee concluded that the baseline sanction in this matter is disbarment. The committee found no mitigating factors are present but noted in aggravation that respondent has a prior history of similar disciplinary violations.
Relying on Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), the committee determined that since some of the misconduct at issue in this matter occurred during the same time period as the misconduct forming the basis for respondent’s previous disbarments, the discipline imposed should be determined as if all the proceedings were before the court simultaneously. Therefore, the committee did not consider permanent disbarment, but instead recommended that another disbarment be added to respondent’s record for consideration in the event he should ever apply for readmission after becoming eligible to do so.
The ODC filed an objection to the hearing committee’s failure to recommend permanent disbarment.

Disciplinary Board Recommendation

The disciplinary board found the hearing committee’s factual findings are not manifestly erroneous, and that the committee correctly applied the Rules of Professional Conduct. The board found the following aggravating factors are sup *1095 ported by the record: prior disciplinary offenses; dishonest or selfish motive; pattern of misconduct; multiple offenses; failure to comply with the rules or orders of the disciplinary agency; vulnerability of the victims; substantial experience in the practice of law (admitted 1981); indifference to making restitution; and criminal conduct. The board agreed with the committee’s determination that the record does not support a finding of any mitigating factors.
The board found that respondent intentionally violated duties owed to his clients, the public, the legal system, and the profession, causing actual injury. Respondent allowed Mr. Porche’s personal injury claim to prescribe and misled him for years about the status of the matter. He agreed to represent Mr. Knobloch and Mr. Men-endez during periods of ineligibility and misled both of them about the status of their suits. He converted funds in the two matters he was handling for the Henderson family. He failed to cooperate with the ODC’s investigation of the complaints, causing undue cost and burden to the disciplinary system. His criminal conviction has also harmed the reputation of the legal community.
The board agreed with the hearing committee that some of the misconduct at issue in this proceeding occurred during the same time period as the misconduct forming the basis of respondent’s previous disbarments. However, the board noted that the misconduct alleged in Counts.II, IV, VI and VIII (failure to cooperate with the ODC in its investigations), Count V (involving the unauthorized practice of law), and Count IX (respondent’s conviction) occurred after the time frame of the misconduct forming the basis of the prior disbarments.
The board reviewed this court’s .guidelines for permanent disbarment and concluded respondent’s conduct fell within at least two of the guidelines. In | particular, it found respondent engaged in the practice of law in the Menendez and Knobloch matters after his 1995 disbarment in Gros I, conduct which fell under Guideline 8. Further, he pled guilty to mail fraud, a felony which reflects upon his moral fitness to practice law, following the 1997 extension of that disbarment in Gros II, conduct which fell under Guideline 9. Under these circumstances, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
The deemed admitted facts in this case support a finding of professional misconduct that is unquestionably serious in nature. Respondent engaged in the unauthorized practice of law after being disbarred by this court and, in fact, did so on more than one occasion and in more than one client matter. Furthermore, respondent has been convicted of a serious felony offense in connection with his conversion of $230,000 in settlement funds belonging to some eight different clients. No less'serious is respondent’s failure to cooperate in the numerous disciplinary investigations conducted by the ODC.
*1096 Having found professional misconduct, we now turn to a determination of the appropriate sanction. In doing so, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As a threshold matter, we recognize that some of respondent’s misconduct in the instant matter occurred during the same general time as the misconduct at issue in Gros I, Gros II and Gros III. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that it is generally inappropriate to discipline an attorney a second time for misconduct that occurred before or concurrently with the misconduct at issue in a prior disciplinary proceeding. Nonetheless, we find that the most serious misconduct in this case, including respondent’s unauthorized practice of law, his guilty plea to two counts of felony mail fraud, and his failure to cooperate with the ODC in its investigations, occurred after the time frame at issue in the prior proceedings. Under such circumstances, we decline to employ the Cha-telain approach.
The sheer magnitude of respondent’s misconduct requires, this court to consider whether permanent disbarment is warranted. In Appendix E to the Rules of Lawyer Disciplinary Enforcement, we have set forth several guidelines illustrating the types of cases which might warrant permanent disbarment. These guidelines were not intended to bind this court in its decisionmaking, but to provide “useful information to the public and to lawyers concerning the types of conduct the Court might consider to be worthy of permanent disbarment.” We find respondent’s conduct in the matters at issue falls squarely within Guidelines 8 and 9, which provide for permanent disbarment under the following circumstances:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
We do not lightly impose the sanction of permanent disbarment. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. Respondent’s actions in the instant matter, combined with his extensive prior disciplinary record, convincingly demonstrate he does not possess the requisite moral fitness to practice law in this state. He must be permanently disbarred.
Accordingly,' we will accept the disciplinary board’s recommendation and impose permanent disbarment.
DECREE
Upon review of the findings and recommendations of the hearing committee *1097 and disciplinary board, and considering the record, it is ordered that Jessie N. Gros, III, Louisiana Bar Roll No. 6352, be permanently disbarred. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In addition to the three proceedings in this court, respondent was also admonished by the disciplinary board on eight occasions between 1990 and 1995 for failing to cooperate with the ODC in its investigations.