1 .ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James M. Banks, Jr., a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Prior to addressing the instant misconduct, we find it helpful to review respondent’s disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1989. Between 1991 and 1995, respondent was admonished by the disciplinary board on three occasions for failing to cooperate with the ODC in its investigations.
In 1999, we considered a proceeding involving a total of thirteen counts of formal charges against respondent for misconduct that occurred between 1994 and 1997. These charges alleged that respondent knowingly disobeyed obligations under the rules of a tribunal, presented an invalid credit card number as payment for a continuing legal education seminar and failed to remit payment for a year, issued client trust account checks to pay for two continuing legal education seminars, altered and forged a signature on a surety bond, and failed to cooperate with the ODC in numerous investigations. After considering the record, we disbarred respondent. In re: Banks, 99-0609 (La.5/7/99), 734 So.2d 613 (“Banks I”).
| ¡.FORMAL CHARGES

Count I

In May 1998, Terry St. Martin hired respondent to represent his brother, Jerry Johnson, in a criminal matter. Respondent agreed to accept the representation for a $1,500 fee. Mr. St. Martin had made six installment payments totaling $1,025 when he learned in August 1998 that respondent was ineligible to practice law[1] and had done no work on Mr. Johnson’s case. Respondent failed to refund the unearned fee, despite Mr. St. Martin’s request that he do so, and failed to communicate with either Mr. St. Martin or Mr. Johnson. In September 1998, Mr. St. Martin filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (failure to refund an unearned fee), 1.15 (failure to provide an accounting), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Count II

In October 1998, Tishlinn Sims hired respondent to represent Roderick Foun *1202 tain in a criminal matter, paying him $1,500. Respondent did no work in the matter, failed to communicate with either Ms. Sims or Mr. Fountain, and failed to refund the unearned fee. In October 1998, Ms. Sims filed a complaint against | «respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.

Count III

In December 1998, Loretta Dawson hired respondent to represent her son, Herbert Dawson, in a criminal matter, paying him $1,453 towards a $1,500 fee. Respondent did no work in the matter, failed to communicate with either Ms. Dawson or her son, and failed to refund the unearned fee. In January 1999, Ms. Dawson filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.

Count IV

In February 1999, Elsie Williams hired respondent to represent her daughter, Mary Williams, in a criminal matter, paying him $500 towards a $1,000 fee. Respondent did no work in the matter, failed to communicate with either Ms. Williams or her daughter, and failed to refund the unearned fee. In March 1999, Ms. Williams filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.

\ ¿Count V

In February 1999, Shelia Fields hired respondent to represent her son in a criminal matter, paying him $700 towards a $1,000 fee. Respondent did no work in the matter, failed to communicate with either Ms. Fields or her son, and failed to refund the unearned fee. In March 1999, Ms. Fields filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.

Count VI

In October 1998, Louis Sutfield paid respondent $300 to assist him in having his name changed. Thereafter, respondent did no work in the matter and failed to refund the unearned fee. Respondent also misled Mr. Sutfield about the status of his efforts on the few occasions when Mr. Sutfield was successful in communicating with him. In April 1999, Mr. Sutfield filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.

Count VII

In September 1998, Roger Baptiste hired respondent to represent him in a criminal matter, paying him a total of $1,500. Thereafter, Mr. Baptiste was unable to locate respondent or speak with him. Furthermore, respondent did no work in the matter and failed to refund the unearned fee. In August 1999, Mr. Bap *1203 tiste filed a |ficomplaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint.
The ODC alleged that respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
On February 12, 2004, the ODC filed seven counts of formal charges against respondent. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

The hearing committee found the deemed admitted factual allegations support the rule violations alleged in the formal charges. In acting as he did, the committee found that respondent knowingly and intentionally violated duties owed to his clients or third parties and as a professional. He caused actual harm to each complainant and failed to cooperate with the ODC in its investigations. Relying upon the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is a period of suspension.
The committee found the following aggravating factors present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the Lrules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law (admitted 1989), and indifference to making restitution. The committee found no mitigating factors.
Given the numerous counts of misconduct, the predominance of aggravating factors, the lack of mitigating factors, and the disbarment in Banks I, the committee recommended that respondent be adjudged guilty of additional violations warranting disbarment, which may be considered should he apply for readmission.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board determined that respondent violated Rules 1.3, 1.4, 1.5, 8.1(c), and 8.4(g) of the Rules of Professional Conduct.[2] In each count of the formal charges, respondent took fees from clients but performed no services. He also failed to communicate with his clients or third parties who paid his fees, and in those instances where he spoke to Mr. Sutfield, he misled him as to the status of his legal matter. Furthermore, respondent failed to refund any portion of any fee received from or on behalf of his clients. Finally, respondent repeatedly failed to cooperate with the ODC in its investigations.
Based on these findings, the board determined that respondent knowingly and intentionally violated duties owed to his clients and as a professional, causing significant harm. The baseline sanction, according to the ABA’s Standards for Im *1204 posing Lawyer Sanctions, is a period of suspension.
^Aggravating factors found by the board, are prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to' acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. Like the committee, the board found no mitigating factors present.
Under the facts of this case, the board recommended that respondent be permanently disbarred.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction. Specifically, we requested that the parties address whether the sanction in this case should be determined in light of respondent’s prior disbarment in Banks I. We also requested that the ODC “specifically address the timing of the institution of the formal charges against respondent.”
DISCUSSION
The deemed admitted facts in this case support a finding that respondent neglected legal matters, failed to communicate with his clients, failed to promptly refund unearned legal fees, and failed to cooperate with the ODC in its investigations. We note, however, that this misconduct occurred during the same general time frame as the misconduct forming the basis of respondent’s disbarment in Banks I. In Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991), we observed that it is generally inappropriate to disbar a previously disbarred attorney when the misconduct at issue occurred before or concurrently with the violations that resulted | sin the initial disbarment. Rather, when a second disciplinary proceeding involves misconduct that occurred during the same time frame as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Applying this procedure in the Chatelain case, we adjudged the respondent guilty of additional violations warranting disbarment which were added to his record for consideration in the event he applied for readmission after becoming eligible to do so. See also In re: Patrick, 01-1419 (La.3/15/02), 815 So.2d 804; In re: Gros, 98-0772 (La.3/15/02), 815 So.2d 799; In re: Parker, 00-3532 (La.3/15/02), 815 So.2d 794.
In determining an appropriate sanction in the instant case, we find the approach of Chatelain is instructive. Accordingly, our determination of a sanction will be based upon the appropriate sanction we would have imposed if these charges had been before the court at the same time as the charges in Banks I.
Had the instant charges been filed simultaneously with those charges forming the basis of respondent’s earlier disbarment, they would have only reinforced our view that respondent lacks the moral fitness to practice law and must be disbarred, both as a sanction for his misconduct and to protect the public. Therefore, as in Chatelain, we will adjudge respondent guilty of additional violations which warrant disbarment and which will be added to his record for consideration in the event he applies for readmission after becoming eligible to do so. We further emphasize that although respondent may have a procedural right to apply for readmission, this court retains absolute discretion to grant or deny such an application. In light of respondent’s lengthy history of egregious misconduct, this court will care *1205 fully scrutinize any application for readmission with a critical eye.
| qDECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that James M. Banks, Jr., Louisiana Bar Roll number 19293, be adjudged guilty of additional violations which warrant disbarment and which may be considered in the event he applies for readmission from his disbarment in In re: Banks, 99-0609 (La.5/7/99), 734 So.2d 613, after becoming eligible to do so. Respondent is ordered to provide complete accountings and full restitution of all unearned fees to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KNOLL and TRAYLOR, JJ., dissent and would impose permanent disbarment.

. During this time period, respondent was ineligible to practice law from 8/8/97 to 9/21/98 for failing to comply with mandatory continuing legal education requirements; from 9/2/97 to 9/21/98 for failing to pay bar dues; and from 1/1/98 to 9/21/98 for failing to pay the disciplinary assessment.

. The board determined that Rule 1.15 is inapplicable in this matter, because that rule does not require accountings of attorney's fees paid by or on behalf of clients.